Timothy J. Silverman [SBN 145264]
SCHEER LAW GROUP, LLP
4340 Von Karman, Suite 200
Newport Beach, California 92660
Telephone: (949) 263-8757
Facsimile: (949) 209-3320

Attorneys for Secured Creditor
CAPITAL ONE AUTO FINANCE

# UNITED STATES BANKRUPTCY COURT

## NORTHERN DISTRICT OF CALIFORNIA, OAKLAND DIVISION

| | |
|---|---|
| In re:<br><br><br><br>MUJIBULLAH SYED,<br><br><br><br><br><br>Debtor.<br><br>_____ | Case No. 17-40501<br>Chapter 13<br><br>**OBJECTION TO CONFIRMATION OF CHAPTER 13 PLAN**<br><br><u>341(a) Meeting of Creditors:</u><br><br>Date:    April 6, 2017<br>Time:    2:00 p.m.<br><br><u>Confirmation Hearing</u><br><br>Date:<br>Time:<br>Ctrm:<br><br>Honorable Charles Novack |

Secured Creditor, Capital One Auto Finance ("Capital One" or "COAF") hereby objects to confirmation of the proposed Chapter 13 Plan ("Plan") filed by MUJIBULLAH SYED (collectively "Debtor") as follows:

I.    <u>STATEMENT OF FACTS</u>:

A.    On or about February 25, 2014, Debtor executed and delivered to COAF a California Retail Installment Contract ("Contract"), for value received. Pursuant to the terms of Contract, the Debtor promised to pay to COAF the principal sum of $25,499.92 an initial interest

1

rate of 8.99%, for seventy two (72) months until paid in full. A true and correct copy of the Contract is attached hereto, marked Exhibit "1" and incorporated herein by reference.

B.    To secure repayment of this indebtedness, the Debtor granted to COAF a beneficial interest in the personal property described as a 2014 Toyota Camry, VIN No. 4T1BF1FK7EU360352. COAF's lien and security interest is evidenced by the State of California Certificate of Title for the vehicle. A true and correct copy of the Certificate of Title is attached hereto, marked Exhibit "2" and incorporated herein by reference.

C.    On February 22, 2017, more than 910 days after entering into the Contract with COAF, the Debtor filed the within Chapter 13 Case. In the Chapter 13 Plan filed on or about February 22, 2017, the Debtor is proposing to treat COAF's claim as follows: Secured $7,600.00, with 4.00% interest, with any remaining balance presumably to be treated as an unsecured.

D.    The total amount due and owing to COAF on the Contract as of March 15, 2017, is $22,758.67. A Proof of Claim attaching the relevant loan documents was filed on March 17, 2017. A true and correct copy of the Proof of Claim is attached hereto, marked Exhibit "3" and incorporated herein by reference.

E.    While the valuation provided in the Proof of Claim reflects that the value of the vehicle may be as high as $10,029.00, COAF is willing to accept the value of $9,605.00. A true and correct copy of the Kelley Blue Book is attached hereto, marked Exhibit "4" and incorporated herein by reference.

II.    PAYMENT OF PURCHASE MONEY SECURITY INTEREST CLAIMS

Bankruptcy Code §506(a)(2), amended by the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005 ("the Act"), provides that "If the debtor is an individual in a case under chapter 7 or 13, such value with respect to personal property securing an allowed claim shall be determined based on the replacement value of such property as of the date of the filing of the petition without deduction of costs of sale or marketing. With respect to property acquired for personal, family, or household purposes, replacement value shall mean the price a retail merchant would charge for property of that kind considering the age and condition of the

2

property at the time value is determined." Capital One contends that the amendment of §506(a)(2) overturns those opinions that had permitted valuations based upon wholesale valuations, including the Supreme Court's *Rash* decision, by requiring retail values to be used in chapters 7 and 13, at least as to property acquired by the Debtor for personal, family, or household use.

As a result, the appropriate valuation to use in determining Capital One's claim should be the Kelley Blue Book retail valuation. Based upon the Kelley Blue Book retail valuation, Capital One is informed and believes that the retail value of the property is $9,605.00.

III.   <u>INTEREST</u>

COAF believes that it is entitled to be paid interest on its claim at the rate of at least 5.25%. COAF's belief is based upon the United States Supreme Court case of *Lee M. Till v. SCS Credit Corporation*, 541 U.S. 465, 124 S.Ct. 1951 (2004), which espoused the formula approach of determining adequate rate of interest on a cram down loan, while taking its cues from ordinary business lending practices. The Court's analysis resulted in a "prime-plus" interest rate which started with the prime national interest rate and added a risk adjustment factor the amount of which was determined by such factors as the risk of nonpayment, the nature of the security, and the duration and feasibility of the Plan.

In the instant case, the contractual interest rate is 8.99%. As of the date of this Objection, the Prime Interest Rate is three and one quarter percent (3.25%). COAF believes that it is reasonable to request that it be paid interest on its claim at the Prime Interest Rate plus an additional two percent based upon the nonpayment risk, or 5.25%.

IV   <u>POST-CONFIRMATION ADEQUATE PROTECTION PAYMENTS</u>

11 U.S.C. § 1326(a)(1) states:

> "Unless the court orders otherwise, the debtor shall commence making payments not later than 30 days after the date of the filing of plan or the order for relief, whichever is earlier, in the amount –

///

///

3

C)     that provides adequate protection directly to a creditor holding an allowed claim secured by personal property to the extent the claim is attributable to the purchase of such property by the debtor for that portion of the obligation that becomes due after the order for relief..."

The Debtor's proposed Plan does not include any provision for pre- or post-confirmation adequate protection payments on COAF's claim.  COAF does not believe its interests will be adequately protected if payments do not commence pursuant to 11 U.S.C. § 1326(a)(1) in month one of the bankruptcy.

Further, to the extent that any attorney's fees are scheduled to be paid first after a confirmation order is entered, COAF requests that post-confirmation adequate protection payments be made as well to protect COAF's interest in the vehicle.

V.     CONCLUSION

WHEREFORE, premises considered, Capital One prays that confirmation of the proposed Chapter 13 Plan be denied.  Alternatively, Capital One requests that the Debtors' treatment of its claim be amended in accordance with its objection.

Dated: 4/5/2017                          Respectfully Submitted,

                                         SCHEER LAW GROUP, LLP


                                         By: /s/ Timothy J. Silverman
                                         Timothy J. Silverman, Esq.
                                         Attorneys for Creditor
                                         CAPITAL ONE AUTO FINANCE

4

 **553-CA-ARB-eps 7/13**

## RETAIL INSTALLMENT SALE CONTRACT – SIMPLE FINANCE CHARGE
### (WITH ARBITRATION PROVISION)

Dealer Number _____   Contract Number _____   R.O.S. Number **N/A**   Stock Number _____

| Buyer Name and Address (Including County and Zip Code) | Co-Buyer Name and Address (Including County and Zip Code) | Seller-Creditor (Name and Address) |
|---|---|---|
| MUJIBULLAH SYED<br>2311 IVY HILL WAY #325<br>SAN RAMON, CA 94582<br>COUNTY: CONTRA COSTA<br>925/336-4300 | | CONCORD TOYOTA<br>1090 CONCORD AVE<br>CONCORD, CA 94520<br>925/682-7131 |

You, the Buyer (and Co-Buyer, if any), may buy the vehicle below for cash or on credit. By signing this contract, you choose to buy the vehicle on credit under the agreements on all pages of this contract. You agree to pay the Seller - Creditor (sometimes "we" or "us" in this contract) the Amount Financed and Finance Charge in U.S. funds according to the payment schedule below. We will figure your finance charge on a daily basis. The Truth-In-Lending Disclosures below are part of this contract.

| New Used | Year | Make and Model | Odometer | Vehicle Identification Number | Primary Use For Which Purchased |
|---|---|---|---|---|---|
| NEW | 2014 | TOYOTA CAMRY | 8 | 4T1BF1FK7EU360352 | Personal, family or household unless otherwise indicated below.<br>☐ business or commercial |

### FEDERAL TRUTH-IN-LENDING DISCLOSURES

| ANNUAL PERCENTAGE RATE The cost of your credit as a yearly rate. | FINANCE CHARGE The dollar amount the credit will cost you. | Amount Financed The amount of credit provided to you or on your behalf. | Total of Payments The amount you will have paid after you have made all payments as scheduled. | Total Sale Price The total cost of your purchase on credit, including your down payment of $ 516.12 is |
|---|---|---|---|---|
| **8.99** % | $ **7707.92** (e) | $ **25499.92** | $ **33207.84** (e) | $ **33723.96** (e) |

(e) means an estimate

**HOW THIS CONTRACT CAN BE CHANGED.** This contract contains the entire agreement between you and us relating to this contract. Any change to the contract must be in writing and both you and we must sign it. No oral changes are binding.

Buyer Signs X _(signature)_

Co-Buyer Signs X **N/A**

**Agreement to Arbitrate:** By signing below, you agree that, pursuant to the Arbitration Provision on page 7 of this contract, you or we may elect to resolve any dispute by neutral, binding arbitration and not by a court action. See the Arbitration Provision for additional information concerning the agreement to arbitrate.

Buyer Signs X _(signature)_

Co-Buyer Signs X **N/A**

### YOUR PAYMENT SCHEDULE WILL BE:

| Number of Payments: | Amount of Payments: | When Payments Are Due: |
|---|---|---|
| One Payment of | **N/A** | N/A 3/18/2014 |
| One Payment of | **N/A** | **N/A** |
| One Payment of | **N/A** | **N/A** |
| 71 | 461.22 | Monthly beginning 04/11/2014 |
| **N/A** | **N/A** | **N/A** |
| One final payment | 461.22 | 03/11/2020 |

**Late Charge.** If payment is not received in full within 10 days after it is due, you will pay a late charge of 5% of the part of the payment that is late.
**Prepayment.** If you pay off all your debt early, you may be charged a minimum finance charge.
**Security Interest.** You are giving a security interest in the vehicle being purchased.
**Additional Information:** See this contract for more information including information about nonpayment, default, any required repayment in full before the scheduled date, minimum finance charges, and security interest.

# EXHIBIT "1"

Buyer Signs X _(signature)_   Co-Buyer Signs X   **N/A**

Case: 17-40801   Doc# 19   Filed: 04/05/17   Entered: 04/05/17 15:17:30   Page 5 of 26

**ITEMIZATION OF THE AMOUNT FINANCED (Seller may keep part of the amounts paid to others.)**

1. Total Cash Price
   A. Cash Price of Motor Vehicle and Accessories ......................... $ **23644.00** (A)
      1. Cash Price Vehicle $ **23644.00**
      2. Cash Price Accessories $ **N/A**
      3. Other (Nontaxable)
         Describe **N/A** $ **N/A**
         Describe **N/A** $ **N/A**
   B. Document Processing Charge (not a governmental fee) ............... $ **80.00** (B)
   C. Emissions Testing Charge (not a governmental fee) ................. $ **N/A** (C)
   D. (Optional) Theft Deterrent Device (to whom paid) **N/A** ......... $ **N/A** (D)
   E. (Optional) Theft Deterrent Device (to whom paid) **N/A** ......... $ **N/A** (E)
   F. (Optional) Theft Deterrent Device (to whom paid) **N/A** ......... $ **N/A** (F)
   G. (Optional) Surface Protection Product (to whom paid) **N/A** ..... $ **N/A** (G)
   H. (Optional) Surface Protection Product (to whom paid) **N/A** ..... $ **N/A** (H)
   I. EV Charging Station (to whom paid) **N/A** ....................... $ **N/A** (I)
   J. Sales Tax (on taxable items A through I) .......................... $ **2016.54** (J)
   K. Electronic Vehicle Registration or Transfer Charge
      (not a governmental fee) (to whom paid) **AVRS** ................. $ **20.50** (K)
   L. (Optional) Service Contract (to whom paid) **N/A** ............... $ **N/A** (L)
   M. (Optional) Service Contract (to whom paid) **N/A** ............... $ **N/A** (M)
   N. (Optional) Service Contract (to whom paid) **N/A** ............... $ **N/A** (N)
   O. (Optional) Service Contract (to whom paid) **N/A** ............... $ **N/A** (O)
   P. (Optional) Service Contract (to whom paid) **N/A** ............... $ **N/A** (P)
   Q. Prior Credit or Lease Balance paid by Seller to
      **N/A** (e) $ **N/A** (Q)
      (see downpayment and trade-in calculation)
   R. (Optional) Gap Contract (to whom paid) **N/A** .................. $ **N/A** (R)
   S. (Optional) Used Vehicle Contract Cancellation Option Agreement ... $ **N/A** (S)
   T. Other (to whom paid) **N/A**
      For **N/A** $ **N/A** (T)
   Total Cash Price (A through T) ...................................... $ **25761.04** (1)

2. Amounts Paid to Public Officials
   A. Vehicle License Fees **ESTIMATED** ............................... $ **154.00** (A)
   B. Registration/Transfer/Titling Fees .............................. $ **101.00** (B)
   C. California Tire Fees ............................................. $ **N/A** (C)
   D. Other **N/A** ................................................... $ **N/A** (D)
   Total Official Fees (A through D) ................................... $ **255.00** (2)

3. Amount Paid to Insurance Companies
   (Total premiums from Statement of Insurance column a + b) ........... $ **N/A** (3)

4. ☐ State Emissions Certification Fee or ☐ State Emissions Exemption Fee ... $ **N/A** (4)

5. Subtotal (1 through 4) ............................................. $ **26016.04** (5)

6. Total Downpayment
   A. Agreed Trade-In Value Yr **2011** Make **HONDA** ................ $ **12000.00** (A)
      Model **CIVIC** Odom **23275**
      VIN **2HGFA1F5XBH547857**
   B. Less Prior Credit or Lease Balance (e) .......................... $ **12483.88** (B)
   C. Net Trade-In (A less B) (indicate if a negative number) ......... $ **-483.88** (C)
   D. Deferred Downpayment ............................................ $ **N/A** (D)
   E. Manufacturer's Rebate ........................................... $ **1000.00** (E)
   F. Other **N/A** .................................................. $ **N/A** (F)
   G. Cash ........................................................... $ **N/A** (G)
   Total Downpayment (C through G) .................................... $ **516.12** (6)
   (If negative, enter zero on line 6 and enter the amount less than zero as a positive number on line 1Q above)

7. Amount Financed (5 less 6) ........................................ $ **25499.92** (7)

**OPTION:** ☐ You pay no finance charge if the Amount Financed, item 7, is paid in full on or before
_____ **N/A** , Year **N/A** , SELLER'S INITIALS **N/A**

Buyer Signs X _[signature]_   Co-Buyer Signs X **N/A**

---

Case 17-03501   Doc# 19   Filed: 04/05/17   Entered: 04/05/17 15:17:30   Page 6 of 26

**OPTIONAL GAP CONTRACT** A gap contract (debt cancellation contract) is not required to obtain credit and will not be provided unless you sign below and agree to pay the extra charge. If you choose to buy a gap contract, the charge is shown in item 1R of the Itemization of Amount Financed. See your gap contract for details on the terms and conditions it provides. It is a part of this contract.

Term **N/A** Mos. **N/A**
Name of Gap Contract

I want to buy a gap contract.

Buyer Signs X **N/A**

---

**OPTIONAL SERVICE CONTRACT(S)** You want to purchase the service contract(s) written with the following company(ies) for the term(s) shown below for the charge(s) shown in item 1L,1M, 1N, 1O, and/or 1P.

1L Company **N/A**
Term **N/A** Mos. or **N/A** Miles
1M Company **N/A**
Term **N/A** Mos. or **N/A** Miles
1N Company **N/A**
Term **N/A** Mos. or **N/A** Miles
1O Company **N/A**
Term **N/A** Mos. or **N/A** Miles
1P Company **N/A**
Term **N/A** Mos. or **N/A** Miles
Buyer X **N/A**

---

**SELLER ASSISTED LOAN**
BUYER MAY BE REQUIRED TO PLEDGE SECURITY FOR THE LOAN, AND WILL BE OBLIGATED TO THE INSTALLMENT PAYMENTS ON BOTH THIS RETAIL INSTALLMENT SALE CONTRACT AND THE LOAN.

Proceeds of Loan From: **N/A**
Amount $ **N/A** Finance Charge $ **N/A**
Total $ **N/A** Payable in ____
Installments of $ **N/A** , $ **N/A**
from this Loan is shown in item 6D.

---

**AUTO BROKER FEE DISCLOSURE**
If this contract reflects the retail sale of a new motor vehicle, the sale is not subject to a fee received by an autobroker from us unless the following box is checked:

☐ Name of autobroker receiving fee, if applicable:
**N/A**

---

SELLER'S RIGHT TO CANCEL If Buyer and Co-Buyer sign here, the provisions of the Seller's Right to Cancel section on page 6 giving the Seller the right to cancel if Seller is unable to assign this contract to a financial institution will apply.

X _____    X _____ N/A _____
Buyer                                          Co-Buyer

THE MINIMUM PUBLIC LIABILITY INSURANCE LIMITS PROVIDED IN LAW MUST BE MET BY EVERY PERSON WHO PURCHASES A VEHICLE. IF YOU ARE UNSURE WHETHER OR NOT YOUR CURRENT INSURANCE POLICY WILL COVER YOUR NEWLY ACQUIRED VEHICLE IN THE EVENT OF AN ACCIDENT, YOU SHOULD CONTACT YOUR INSURANCE AGENT.
   WARNING:
   YOUR PRESENT POLICY MAY NOT COVER COLLISION DAMAGE OR MAY NOT PROVIDE FOR FULL REPLACEMENT COSTS FOR THE VEHICLE BEING PURCHASED. IF YOU DO NOT HAVE FULL COVERAGE, SUPPLEMENTAL COVERAGE FOR COLLISION DAMAGE MAY BE AVAILABLE TO YOU THROUGH YOUR INSURANCE AGENT OR THROUGH THE SELLING DEALER. HOWEVER, UNLESS OTHERWISE SPECIFIED, THE COVERAGE YOU OBTAIN THROUGH THE DEALER PROTECTS ONLY THE DEALER, USUALLY UP TO THE AMOUNT OF THE UNPAID BALANCE REMAINING AFTER THE VEHICLE HAS BEEN REPOSSESSED AND SOLD.
   FOR ADVICE ON FULL COVERAGE THAT WILL PROTECT YOU IN THE EVENT OF LOSS OR DAMAGE TO YOUR VEHICLE, YOU SHOULD CONTACT YOUR INSURANCE AGENT.
   THE BUYER SHALL SIGN TO ACKNOWLEDGE THAT HE/SHE UNDERSTANDS THESE PUBLIC LIABILITY TERMS AND CONDITIONS.

S/S X _____    X _____ N/A _____

Trade-In Payoff Agreement: Seller relied on information from you and/or the lienholder or lessor of your trade-in vehicle to arrive at the payoff amount shown in Item 6B of the Itemization of Amount Financed as the "Prior Credit or Lease Balance." You understand that the amount quoted is an estimate.

Seller agrees to pay the payoff amount shown in 6B to the lienholder or lessor of the trade-in vehicle, or its designee. If the actual payoff amount is more than the amount shown in 6B, you must pay the Seller the excess on demand. If the actual payoff amount is less than the amount shown in 6B, Seller will refund to you any overage Seller receives from your prior lienholder or lessor. Except as stated in the "NOTICE" on page 6 of this contract, any assignee of this contract will not be obligated to pay the Prior Credit or Lease Balance shown in 6B or any refund.

Buyer Signature X _____

Co-Buyer Signature X _____ N/A _____

---

## CREDIT DISABILITY INSURANCE NOTICE CLAIM PROCEDURE

If you become disabled, you must tell us right away. (You are advised to send this information to the same address to which you are normally required to send your payments, unless a different address or telephone number is given to you in writing by us as the location where we would like to be notified.) We will tell you where to get claim forms. You must send in the completed form to the insurance company as soon as possible and tell us as soon as you do.

If your disability insurance covers all of your missed payment(s), WE CANNOT TRY TO COLLECT WHAT YOU OWE OR FORECLOSE UPON OR REPOSSESS ANY COLLATERAL UNTIL THREE CALENDAR MONTHS AFTER your first missed payment is due or until the insurance company pays or rejects your claim, whichever comes first. We can, however, try to collect, foreclose, or repossess if you have any money due and owing us or are otherwise in default when your disability claim is made or if a senior mortgage or lien holder is foreclosing.

If the insurance company pays the claim within the three calendar months, we must accept the money as though you paid on time. If the insurance company rejects the claim within the three calendar months or accepts the claim within the three calendar months on a partial disability and pays less than for a total disability, you will have 35 days from the date that the rejection or the acceptance of the partial disability claim is sent to pay past due payments, or the difference between the past due payments and what the insurance company pays for the partial disability, plus late charges. You can contact us, and we will tell you how much you owe. After that time, we can take action to collect or foreclose or repossess any collateral you may have given.

If the insurance company accepts your claim but requires that you send in additional forms to remain eligible for continued payments, you should send in these completed additional forms no later than required. If you do not send in these forms on time, the insurance company may stop paying, and we will then be able to take action to collect or foreclose or repossess any collateral you may have given.

---

STATEMENT OF INSURANCE
NOTICE. No person is required as a condition of financing the purchase of a motor vehicle to purchase or negotiate any insurance through a particular insurance company, agent or broker. You are not required to buy any other insurance to obtain credit. Your decision to buy or not buy other insurance will not be a factor in the credit approval process.

### Vehicle Insurance

| | | Term | Premium |
|---|---|---|---|
| $ N/A Ded. Comp., Fire & Theft | N/A Mos. | $ N/A |
| $ N/A Ded. Collision | | N/A Mos. | $ N/A |
| Bodily Injury | $ N/A Limits | N/A Mos. | $ N/A |
| Property Damage | $ N/A Limits | N/A Mos. | $ N/A |
| Medical | N/A | N/A Mos. | $ N/A |
| | N/A | N/A Mos. | $ N/A |
| Total Vehicle Insurance Premiums | | | $ N/A (a) |

UNLESS A CHARGE IS INCLUDED IN THIS AGREEMENT FOR PUBLIC LIABILITY OR PROPERTY DAMAGE INSURANCE, PAYMENT FOR SUCH COVERAGE IS NOT PROVIDED BY THIS AGREEMENT.

You may buy the physical damage insurance this contract requires from anyone you choose who is acceptable to us. You are not required to buy any other insurance to obtain credit.

Buyer X _____

Co-Buyer X _____

Seller X   CONCORD TOYOTA

If any insurance is checked below, policies or certificates from the named insurance companies will describe the terms and conditions.

### Application for Optional Credit Insurance

☐ Credit Life:   ☐ Buyer   ☐ Co-Buyer   ☐ Both
☐ Credit Disability (Buyer Only)

| | Term | Exp. | Premium |
|---|---|---|---|
| Credit Life | N/A Mos. | N/A | $ N/A |
| Credit Disability | N/A Mos. | N/A | $ N/A |
| Total Credit Insurance Premiums | | $ | N/A (b) |

Insurance Company Name
N/A

Home Office Address
N/A

Credit life insurance and credit disability insurance are not required to obtain credit. Your decision to buy or not buy credit life and credit disability insurance will not be a factor in the credit approval process. They will not be provided unless you sign and agree to pay the extra cost. Credit life insurance is based on your original payment schedule. This insurance may not pay all you owe on this contract if you make late payments. Credit disability insurance does not cover any increase in your payment or in the number of payments. Coverage for credit life insurance and credit disability insurance ends on the original due date for the last payment unless a different term for the insurance is shown above.

You are applying for the credit insurance marked above. Your signature below means that you agree that: (1) You are not eligible for insurance if you have reached your 65th birthday. (2) You are eligible for disability insurance only if you are working for wages or profit 30 hours a week or more on the Effective Date. (3) Only the Primary Buyer is eligible for disability insurance. DISABILITY INSURANCE MAY NOT COVER CONDITIONS FOR WHICH YOU HAVE SEEN A DOCTOR OR CHIROPRACTOR IN THE LAST 6 MONTHS (Refer to "Total Disabilities Not Covered" in your policy for details).
You want to buy the credit insurance.

| N/A | X N/A | N/A |
|---|---|---|
| Date | Buyer Signature | Age |
| N/A | X N/A | N/A |
| Date | Co-Buyer Signature | Age |

---

Case: 17-40501   Doc# 19   Filed: 04/05/17   Entered: 04/05/17 15:17:30   Page 7 of 26

# OTHER IMPORTANT AGREEMENTS

## 1. FINANCE CHARGE AND PAYMENTS

**a. How we will figure Finance Charge.** We will figure the Finance Charge on a daily basis at the Annual Percentage Rate on the unpaid part of the Amount Financed. Seller - Creditor may receive part of the Finance Charge.

**b. How we will apply payments.** We may apply each payment to the earned and unpaid part of the Finance Charge, to the unpaid part of the Amount Financed and to other amounts you owe under this contract in any order we choose.

**c. How late payments or early payments change what you must pay.** We based the Finance Charge, Total of Payments, and Total Sale Price shown on page 1 of this contract on the assumption that you will make every payment on the day it is due. Your Finance Charge, Total of Payments, and Total Sale Price will be more if you pay late and less if you pay early. Changes may take the form of a larger or smaller final payment or, at our option, more or fewer payments of the same amount as your scheduled payment with a smaller final payment. We will send you a notice telling you about these changes before the final scheduled payment is due.

**d. You may prepay.** You may prepay all or part of the unpaid part of the Amount Financed at any time. If you do so, you must pay the earned and unpaid part of the Finance Charge and all other amounts due up to the date of your payment. As of the date of your payment, if the minimum finance charge is greater than the earned Finance Charge, you may be charged the difference; the minimum finance charge is as follows: (1) $25 if the original Amount Financed does not exceed $1,000, (2) $50 if the original Amount Financed is more than $1,000 but not more than $2,000, or (3) $75 if the original Amount Financed is more than $2,000.

## 2. YOUR OTHER PROMISES TO US

**a. If the vehicle is damaged, destroyed, or missing.** You agree to pay us all you owe under this contract even if the vehicle is damaged, destroyed, or missing.

> **GAP LIABILITY NOTICE**
> In the event of theft or damage to your vehicle that results in a total loss, there may be a gap between the amount you owe under this contract and the proceeds of your insurance settlement and deductible. THIS CONTRACT PROVIDES THAT YOU ARE LIABLE FOR THE GAP AMOUNT. An optional gap contract (debt cancellation contract) for coverage of the gap amount may be offered for an additional charge.

**b. Using the vehicle.** You agree not to remove the vehicle from the U.S. or Canada, or to sell, rent, lease, or transfer any interest in the vehicle or this contract without our written permission. You agree not to expose the vehicle to misuse, seizure, confiscation, or involuntary transfer. If we pay any repair bills, storage bills, taxes, fines, or charges on the vehicle, you agree to repay the amount when we ask for it.

## c. Security Interest.

You give us a security interest in:
- The vehicle and all parts or goods installed on it;
- All money or goods received (proceeds) for the vehicle;
- All insurance, maintenance, service, or other contracts we finance for you; and
- All proceeds from insurance, maintenance, service, or other contracts we finance for you. This includes any refunds of premiums or charges from the contracts.

This secures payment of all you owe on this contract. It also secures your other agreements in this contract as the law allows. You will make sure the title shows our security interest (lien) in the vehicle. You will not allow any other security interest to be placed on the title without our written permission.

## d. Insurance you must have on the vehicle.

You agree to have physical damage insurance covering loss of or damage to the vehicle for the term of this contract. The insurance must cover our interest in the vehicle. If you do not have this insurance, we may, if we choose, buy physical damage insurance. If we decide to buy physical damage insurance, we may either buy insurance that covers your interest and our interest in the vehicle, or buy insurance that covers only our interest. If we buy either type of insurance, we will tell you which type and the charge you must pay. The charge will be the premium for the insurance and a finance charge computed at the Annual Percentage Rate shown on page 1 of this contract or, at our option, the highest rate the law permits. If the vehicle is lost or damaged, you agree that we may use any insurance settlement to reduce what you owe or repair the vehicle.

## e. What happens to returned insurance, maintenance, service, or other contract charges.

If we get a refund of insurance, maintenance, service, or other contract charges, you agree that we may subtract the refund from what you owe.

## 3. IF YOU PAY LATE OR BREAK YOUR OTHER PROMISES

**a. You may owe late charges.** You will pay a late charge on each late payment as shown on page 1 of this contract. Acceptance of a late payment or late charge does not excuse your late payment or mean that you may keep making late payments. If you pay late, we may also take the steps described below.

**b. You may have to pay all you owe at once.** If you break your promises (default), we may demand that you pay all you owe on this contract at once, subject to any right the law gives you to reinstate this contract. Default means:
- You do not pay any payment on time;
- You give false, incomplete, or misleading information on a credit application;
- You start a proceeding in bankruptcy or one is started against you or your property;
- The vehicle is lost, damaged or destroyed; or
- You break any agreements in this contract.

The amount you will owe will be the unpaid part of the Amount Financed plus the earned and unpaid part of the Finance Charge, any late charges, and any amounts due because you defaulted.

**c. You may have to pay collection costs.** You will pay our reasonable costs to collect what you owe, including attorney fees, court costs, collection agency fees, and fees paid for other reasonable collection efforts. You agree to pay a charge not to exceed $15 if any check you give to us is dishonored.

**d.** **We may take the vehicle from you.** If you default, we may take (repossess) the vehicle from you if we do so peacefully and the law allows it. If your vehicle has an electronic tracking device, you agree that we may use the device to find the vehicle. If we take the vehicle, any accessories, equipment, and replacement parts will stay with the vehicle. If any personal items are in the vehicle, we may store them for you at your expense. If you do not ask for these items back, we may dispose of them as the law allows.

**e.** **How you can get the vehicle back if we take it.** If we repossess the vehicle, you may pay to get it back (redeem). You may redeem the vehicle by paying all you owe, or you may have the right to reinstate this contract and redeem the vehicle by paying past due payments and any late charges, providing proof of insurance, and/or taking other action to cure the default. We will provide you all notices required by law to tell you when and how much to pay and/or what action you must take to redeem the vehicle.

**f.** **We will sell the vehicle if you do not get it back.** If you do not redeem, we will sell the vehicle. We will send you a written notice of sale before selling the vehicle.
We will apply the money from the sale, less allowed expenses, to the amount you owe. Allowed expenses are expenses we pay as a direct result of taking the vehicle, holding it, preparing it for sale, and selling it. Attorney fees and court costs the law permits are also allowed expenses. If any money is left (surplus), we will pay it to you unless the law requires us to pay it to someone else. If money from the sale is not enough to pay the amount you owe, you must pay the rest to us. If you do not pay this amount when we ask, we may charge you interest at the Annual Percentage Rate shown on page 1 of this contract, not to exceed the highest rate permitted by law, until you pay.

**g.** **What we may do about optional insurance, maintenance, service, or other contracts.** This contract may contain charges for optional insurance, maintenance, service, or other contracts. If we demand that you pay all you owe at once or we repossess the vehicle, we may claim benefits under these contracts and cancel them to obtain refunds of unearned charges to reduce what you owe or repair the vehicle. If the vehicle is a total loss because it is confiscated, damaged, or stolen, we may claim benefits under these contracts and cancel them to obtain refunds of unearned charges to reduce what you owe.

**4.** **WARRANTIES SELLER DISCLAIMS**
**If you do not get a written warranty, and the Seller does not enter into a service contract within 90 days from the date of this contract, the Seller makes no warranties, express or implied, on the vehicle, and there will be no implied warranties of merchantability or of fitness for a particular purpose.**
This provision does not affect any warranties covering the vehicle that the vehicle manufacturer may provide. If the Seller has sold you a certified used vehicle, the warranty of merchantability is not disclaimed.

**5.** *Used Car Buyers Guide. The information you see on the window form for this vehicle is part of this contract. Information on the window form overrides any contrary provisions in the contract of sale.*
**Spanish Translation: Guía para compradores de vehículos usados. La información que ve en el formulario de la ventanilla para este vehículo forma parte del presente contrato. La información del formulario de la ventanilla deja sin efecto toda disposición en contrario contenida en el contrato de venta.**

**6.** **Servicing and Collection Contacts.**
You agree that we may try to contact you in writing, by e-mail, or using prerecorded/artificial voice messages, text messages, and automatic telephone dialing systems, as the law allows. You also agree that we may try to contact you in these and other ways at any address or telephone number you provide us, even if the telephone number is a cell phone number or the contact results in a charge to you.

**7.** **Applicable Law**
Federal law and California law apply to this contract. If any part of this contract is not valid, all other parts stay valid. We may delay or refrain from enforcing any of our rights under this contract without losing them. For example, we may extend the time for making some payments without extending the time for making others.

**8.** **Warranties of Buyer.** You promise you have given true and correct information in your application for credit, and you have no knowledge that will make that information untrue in the future. We have relied on the truth and accuracy of that information in entering into this contract. Upon request, you will provide us with documents and other information necessary to verify any item contained in your credit application.

You waive the provisions of Calif. Vehicle Code Section 1808.21 and authorize the California Department of Motor Vehicles to furnish your residence address to us.

**NOTICE: ANY HOLDER OF THIS CONSUMER CREDIT CONTRACT IS SUBJECT TO ALL CLAIMS AND DEFENSES WHICH THE DEBTOR COULD ASSERT AGAINST THE SELLER OF GOODS OR SERVICES OBTAINED PURSUANT HERETO OR WITH THE PROCEEDS HEREOF. RECOVERY HEREUNDER BY THE DEBTOR SHALL NOT EXCEED AMOUNTS PAID BY THE DEBTOR HEREUNDER.**

The preceding NOTICE applies only to goods or services obtained primarily for personal, family or household use. In all other cases, Buyer will not assert against any subsequent holder or assignee of this contract any claims or defenses the Buyer (debtor) may have against the Seller, or against the manufacturer of the vehicle or equipment obtained under this contract.

Buyer Signs X _____    Co-Buyer Signs X ___N/A___

## Seller's Right to Cancel

a. Seller agrees to deliver the vehicle to you on the date this contract is signed by Seller and you. You understand that it may take a few days for Seller to verify your credit and assign the contract. You agree that if Seller is unable to assign the contract to any one of the financial institutions with whom Seller regularly does business under an assignment acceptable to Seller, Seller may cancel the contract.

b. Seller shall give you written notice (or in any other manner in which actual notice is given to you) within 10 days of the date this contract is signed if Seller elects to cancel. Upon receipt of such notice, you must immediately return the vehicle to Seller in the same condition as when sold, reasonable wear and tear excepted. Seller must give back to you all consideration received by Seller, including any trade-in vehicle.

c. If you do not immediately return the vehicle, you shall be liable for all expenses incurred by Seller in taking the vehicle from you, including reasonable attorney's fees.

d. While the vehicle is in your possession, all terms of the contract, including those relating to use of the vehicle and insurance for the vehicle, shall be in full force and you shall assume all risk of loss or damage to the vehicle. You must pay all reasonable costs for repair of any damage to the vehicle until the vehicle is returned to Seller.

---

**Notice to buyer: (1) Do not sign this agreement before you read it or if it contains any blank spaces to be filled in. (2) You are entitled to a completely filled in copy of this agreement. (3) You can prepay the full amount due under this agreement at any time. (4) If you default in the performance of your obligations under this agreement, the vehicle may be repossessed and you may be subject to suit and liability for the unpaid indebtedness evidenced by this agreement.**

If you have a complaint concerning this sale, you should try to resolve it with the seller.
Complaints concerning unfair or deceptive practices or methods by the seller may be referred to the city attorney, the district attorney, or an investigator for the Department of Motor Vehicles, or any combination thereof.
After this contract is signed, the seller may not change the financing or payment terms unless you agree in writing to the change. You do not have to agree to any change, and it is an unfair or deceptive practice for the seller to make a unilateral change.

Buyer Signature X _____ Co-Buyer Signature X _____ **N/A** _____

---

*The Annual Percentage Rate may be negotiable with the Seller. The Seller may assign this contract and retain its right to receive a part of the Finance Charge.*

---

### THERE IS NO COOLING-OFF PERIOD UNLESS YOU OBTAIN A CONTRACT CANCELLATION OPTION

California law does not provide for a "cooling-off" or other cancellation period for vehicle sales. Therefore, you cannot later cancel this contract simply because you change your mind, decide the vehicle costs too much, or wish you had acquired a different vehicle. After you sign below, you may only cancel this contract with the agreement of the seller or for legal cause, such as fraud. However, California law does require a seller to offer a two-day contract cancellation option on used vehicles with a purchase price of less than forty thousand dollars ($40,000), subject to certain statutory conditions. This contract cancellation option requirement does not apply to the sale of a recreational vehicle, a motorcycle, or an off-highway motor vehicle subject to identification under California law. See the vehicle contract cancellation option agreement for details.

YOU AGREE TO THE TERMS OF THIS CONTRACT. YOU CONFIRM THAT BEFORE YOU SIGNED THIS CONTRACT, WE GAVE IT TO YOU, AND YOU WERE FREE TO TAKE IT AND REVIEW IT. YOU ACKNOWLEDGE THAT YOU HAVE READ ALL PAGES OF THIS CONTRACT, INCLUDING THE ARBITRATION PROVISION ON PAGE 7, BEFORE SIGNING BELOW. YOU CONFIRM THAT YOU RECEIVED A COMPLETELY FILLED-IN COPY WHEN YOU SIGNED IT.

Buyer Signature X _____ Date **02/25/2014** Co-Buyer Signature X _____ **N/A** _____ Date **N/A**

Co-Buyers and Other Owners — A co-buyer is a person who is responsible for paying the entire debt. An other owner is a person whose name is on the title to the vehicle but does not have to pay the debt. The other owner agrees to the security interest in the vehicle given to us in this contract.

Other Owner Signature X _____ **N/A** _____ Address _____ **N/A** _____

GUARANTY: To induce you to sell the vehicle to Buyer, each person who signs as a Guarantor individually guarantees the payment of this contract. If Buyer fails to pay any money owing on this contract, each Guarantor must pay it when asked. Each Guarantor will be liable for the total amount owing even if other persons also sign as Guarantor, and even if Buyer has a complete defense to Guarantor's demand for reimbursement. Each Guarantor agrees to be liable even if we do one or more of the following: (1) give the Buyer more time to pay one or more payments; (2) give a full or partial release to any other Guarantor; (3) release any security; (4) accept less from the Buyer than the total amount owing; or (5) otherwise reach a settlement relating to this contract or extend the contract. Each Guarantor acknowledges receipt of a completed copy of this contract and guaranty at the time of signing.

Guarantor waives notice of acceptance of this Guaranty, notice of the Buyer's non-payment, non-performance, and default; and notices of the amount owing at any time, and of any demands upon the Buyer.

Guarantor X _____ Date **02/25/2014** Guarantor X _____ Date **N/A**

Address _____ **N/A** _____ Address _____ **N/A** _____

Seller signs **CONCORD TOYOTA** _____ Date **02/25/2014** By X _____ Title **MGR**

---

Seller assigns its interest in this contract to **Capital One Auto Finance** (Assignee) at (address)
P.O. Box 660068
Sacramento with Ac #95866    ☒ Assigned without recourse    ☐ Assigned with limited recourse
under the terms of Seller's agreement(s) with Assignee.

Seller **CONCORD TOYOTA** _____ By _____ Title **MGR**

---

Buyer Signs X _____ Co-Buyer Signs X _____ **N/A**

02/25/2014  02:11 pm
LAW 553-CA-ARB-eps 7/13 v1    Page 6 of 7

# ARBITRATION PROVISION
## PLEASE REVIEW - IMPORTANT - AFFECTS YOUR LEGAL RIGHTS

1. EITHER YOU OR WE MAY CHOOSE TO HAVE ANY DISPUTE BETWEEN US DECIDED BY ARBITRATION AND NOT IN COURT OR BY JURY TRIAL.

2. IF A DISPUTE IS ARBITRATED, YOU WILL GIVE UP YOUR RIGHT TO PARTICIPATE AS A CLASS REPRESENTATIVE OR CLASS MEMBER ON ANY CLASS CLAIM YOU MAY HAVE AGAINST US INCLUDING ANY RIGHT TO CLASS ARBITRATION OR ANY CONSOLIDATION OF INDIVIDUAL ARBITRATIONS.

3. DISCOVERY AND RIGHTS TO APPEAL IN ARBITRATION ARE GENERALLY MORE LIMITED THAN IN A LAWSUIT, AND OTHER RIGHTS THAT YOU AND WE WOULD HAVE IN COURT MAY NOT BE AVAILABLE IN ARBITRATION.

Any claim or dispute, whether in contract, tort, statute or otherwise (including the interpretation and scope of this Arbitration Provision, and the arbitrability of the claim or dispute), between you and us or our employees, agents, successors or assigns, which arises out of or relates to your credit application, purchase or condition of this vehicle, this contract or any resulting transaction or relationship (including any such relationship with third parties who do not sign this contract) shall, at your or our election, be resolved by neutral, binding arbitration and not by a court action. If federal law provides that a claim or dispute is not subject to binding arbitration, this Arbitration Provision shall not apply to such claim or dispute. Any claim or dispute is to be arbitrated by a single arbitrator on an individual basis and not as a class action. You expressly waive any right you may have to arbitrate a class action. You may choose the American Arbitration Association, 1633 Broadway, 10th Floor, New York, New York 10019 (www.adr.org), or any other organization to conduct the arbitration subject to our approval. You may get a copy of the rules of an arbitration organization by contacting the organization or visiting its website.

Arbitrators shall be attorneys or retired judges and shall be selected pursuant to the applicable rules. The arbitrator shall apply governing substantive law and the applicable statute of limitations. The arbitration hearing shall be conducted in the federal district in which you reside unless the Seller-Creditor is a party to the claim or dispute, in which case the hearing will be held in the federal district where this contract was executed. We will pay your filing, administration, service or case management fee and your arbitrator or hearing fee all up to a maximum of $5000, unless the law or the rules of the chosen arbitration organization require us to pay more. The amount we pay may be reimbursed in whole or in part by decision of the arbitrator if the arbitrator finds that any of your claims is frivolous under applicable law. Each party shall be responsible for its own attorney, expert and other fees, unless awarded by the arbitrator under applicable law. If the chosen arbitration organization's rules conflict with this Arbitration Provision, then the provisions of this Arbitration Provision shall control. Any arbitration under this Arbitration Provision shall be governed by the Federal Arbitration Act (9 U.S.C. § 1 et. seq.) and not by any state law concerning arbitration. Any award by the arbitrator shall be in writing and will be final and binding on all parties, subject to any limited right to appeal under the Federal Arbitration Act.

You and we retain the right to seek remedies in small claims court for disputes or claims within that court's jurisdiction, unless such action is transferred, removed or appealed to a different court. Neither you nor we waive the right to arbitrate by using self-help remedies, such as repossession, or by filing an action to recover the vehicle, to recover a deficiency balance, or for individual injunctive relief. Any court having jurisdiction may enter judgment on the arbitrator's award. This Arbitration Provision shall survive any termination, payoff or transfer of this contract. If any part of this Arbitration Provision, other than waivers of class action rights, is deemed or found to be unenforceable for any reason, the remainder shall remain enforceable. If a waiver of class action rights is deemed or found to be unenforceable for any reason in a case in which class action allegations have been made, the remainder of this Arbitration Provision shall be unenforceable.

Buyer Signs X _____     Co-Buyer Signs X _____ **N/A** _____

**LAW®** FORM NO. 553-CA-ARB-eps (REV. 7/13)  U.S. PATENT NO. D460,782
©2013 The Reynolds and Reynolds Company
THERE ARE NO WARRANTIES, EXPRESS OR IMPLIED, AS TO CONTENT OR
FITNESS FOR PURPOSE OF THIS FORM. CONSULT YOUR OWN LEGAL COUNSEL.

02/25/2014   02:11 pm

LAW 553-CA-ARB-eps 7/13 v1    Page 7 of 7

## NOTICE OF TRANSFER AND RELEASE OF LIABILITY

*MAIL THIS PORTION TO DMV-OR-FILE ONLINE AT dmv.ca.gov*

A NEW OWNER'S *LAST* NAME (OR) COMPANY NAME — FIRST

B NEW OWNER'S ADDRESS — APT NUMBER — C ODOMETER READING (NO TENTHS)

D CITY — STATE — ZIP CODE — E DATE OF SALE OR LEASE RETURN — MO DAY YR

F SELLER'S OR LESSEE'S *LAST* NAME (OR) COMPANY NAME — FIRST — G SELLING PRICE (NO CENTS) — WHOLE DOLLARS

H SELLER'S OR LESSEE'S ADDRESS — APT NUMBER — I SELLER'S OR LESSEE'S SIGNATURE — X

J CITY — STATE — ZIP CODE

VEHICLE ID NUMBER — YR MODEL — MAKE — PLATE NUMBER

4T1BF1FK7EU360352 — 2014 TOYT — 7EYA100

REG 138A (REV 10/2012)

---

## STATE OF CALIFORNIA

### CERTIFICATE OF TITLE

VEHICLE HISTORY

███ 278A

AUTOMOBILE

VEHICLE ID NUMBER — YR MODEL — MAKE — PLATE NUMBER
4T1BF1FK7EU360352 — 2014 TOYT — 100

BODY TYPE MODEL — AX — UNLADEN WEIGHT — FUEL — TRANSFER DATE — FEES PAID — REGISTRATION EXPIRATION DATE
SD — G — NONE — 02/26/2018

YR 1ST SOLD — CLASS — YR — MO — EQUIPMT/TRUST NUMBER — ISSUE DATE
2014 FL — YN — 02/27/17

MOTORCYCLE ENGINE NUMBER — ODOMETER DATE — ODOMETER READING
02/25/2014 — 8 MI
ACTUAL MILEAGE

REGISTERED OWNER(S)

SYED MUJIBULLAH
11040 BOLLINGER CANYON RD
APT 907
SAN RAMON CA 94582

-----
-----

VOID WITHOUT BEAR WATERMARK. HOLD TO LIGHT TO VIEW

I certify (or declare) under penalty of perjury under the laws of the State of California that THE SIGNATURE(S) BELOW RELEASES INTEREST IN THE VEHICLE.

1a. _____ DATE _____ X _____ SIGNATURE OF REGISTERED OWNER

1b. _____ DATE _____ X _____ SIGNATURE OF REGISTERED OWNER

Federal and State law requires that you state the mileage upon transfer of ownership. Failure to complete or providing a false statement may result in fines and/or imprisonment.

The odometer now reads ███████████ (no tenths), miles and to the best of my knowledge reflects the actual mileage unless one of the following statements is checked. Mileage is VOID if altered or erased.

WARNING ☐ Odometer reading is not the actual mileage ☐ Mileage exceeds the odometer mechanical limits.

I certify (or declare) under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

DATE — TRANSFEROR/SELLER SIGNATURE(S) — X — DATE — TRANSFEREE/BUYER SIGNATURE(S) — X

PRINTED NAME OF SELLER OR AGENT SIGNING FOR A COMPANY — PRINTED NAME OF BUYER OR AGENT SIGNING FOR A COMPANY

### IMPORTANT READ CAREFULLY

Any change of Lienholder (holder of security interest) must be reported to the Department of Motor Vehicles within 10 days.

LIENHOLDER(S)

CAPITAL ONE AUTO FIN
PO BX 255605
SACRAMENTO CA 95865

2. X _____ Signature releases interest in vehicle (Company names must be countersigned)
Release Date _____

███8031

8518 — REG. 17.30RS (REV.02/2016)

HOLD TO KEEP IN A SAFE PLACE    VOID IF ALTERED

VOID WITHOUT BEAR WATERMARK. HOLD TO LIGHT TO VIEW

| Fill in this information to identify the case: |
| --- |

Debtor 1   MUJIBULLAH SYED

Debtor2
(Spouse, if filing)

United States Bankruptcy Court for the: NORTHERN District of CALIFORNIA
                                                  (state)

Case number 17-40501-CN-13

# Form 410

## Proof of Claim

04/16

**Read the instructions before filling out this form.** This form is for making a claim for payment in a bankruptcy case. **Do not use this form to make a request for payment of an administrative expense.** Make such a request according to 11 U.S.C. § 503.

**Filers must leave out or redact** information that is entitled to privacy on this form or on any attached documents. Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgements, mortgages, and security agreements. **Do not send original documents;** they may be destroyed after scanning. If the documents are not available, explain in an attachment.

A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152,157, and 3571.

**Fill in all the information about the claim as of the date the case was filed.** That date is on the notice of bankruptcy (Form309) that you received.

| Part 1: | Identify the Claim |
| --- | --- |

**1. Who is the current creditor?**

Capital One Auto Finance, a division of Capital One, N.A.
**Name of the current creditor** (the person or entity to be paid for this claim)

Other names the creditor used with this debtor

**2. Has this claim been acquired from someone else?**

[X] No

[ ] Yes. From whom?

**3. Where should notices and payments to the creditor be sent?**

Federal Rule of Bankruptcy Procedure (FRBP) 2002(g)

**Where should notices to the creditor be sent?**

Capital One Auto Finance, a division of Capital One, N.A.
Name

P.O. Box 165028
Number      Street

Irving, TX 75016
City      State        Zip Code

Contact phone (817) 277-2011

Contact email ecfnotices@ascensioncapitalgroup.com

**Where should payments to the creditor be sent?** (if different)

Capital One Auto Finance, c/o Ascension Capital Group
Name

P.O. Box 201347
Number      Street

Arlington, TX 76006
City      State        Zip Code

Contact phone (817) 277-2011

Contact email

Uniform claim identifier for electronic payments in chapter 13 (if you use one):

_ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _

**4. Does this claim amend one already filed?**

[X] No

[ ] Yes. Claim number on court claims registry (if known) _____      Filed on _____
                                                           MM / DD /YYYY

**5. Do you know if anyone else has filed a proof of claim for this claim?**

[X] No

[ ] Yes. Who made the earlier filing?

EXHIBIT 3

| Part 2: | Give Information About the Claim as of the Date the Case Was Filed |
|---|---|

**6. Do you have any number you use to identify the debtor?**

[ ] No

[X] Yes. Last 4 digits of the debtor's account or any number you use to identify the debtor: XXXXX0338

**7. How much is the claim?** $22,758.67

Does this amount include interest or other charges?

[ ] No

[X] Yes. Attach statement itemizing interest, fees, expenses, or other charges required by Bankruptcy Rule 3001(c)(2)(A).

**8. What is the basis of the claim?**

Examples: Goods sold, money loaned, lease, services performed, personal injury or wrongful death, or credit card.

Attach redacted copies of any documents supporting the claim required by Bankruptcy Rule 3001(c).

Limit disclosing information that is entitled to privacy, such as health care information.

Car Loan

**9. Is all or part of the claim secured?**

[ ] No
[X] Yes. The claim is secured by a lien on property.**

**Nature of property:**

[ ] Real Estate. If the claim is secured by the debtor's principal residence, file a *Mortgage Proof of Claim Attachment* (Official Form 410-A) with this *Proof of Claim*.

[X] Motor Vehicle
[ ] Other. Describe: 2014 TOYOTA Camry Sedan 4D LE I4

**To the extent that Debtor received a discharge of this debt in a prior bankruptcy, the underlying indebtedness attaches only to the collateral; Creditor does not seek recourse against the debtor or the estate on previously discharged debt.If Debtor has not received a discharge of this debt in a prior bankruptcy, Creditor reserves the right to amend its claim to seek a deficiency balance, if any, in the event the collateral is liquidated.

**Basis for perfection:** Contract and/or Title

Attach redacted copies of documents, if any, that show evidence of perfection of a security interest (for example, a mortgage, lien, certificate of title, financing statement, or other document that shows the lien has been filed or recorded.)

Value of property: $9,605.00

Amount of the claim that is secured: $9,605.00

Amount of the claim that is unsecured: $13,153.67 (The sum of the secured and unsecured amounts should match the amount in line 7.)

Amount necessary to cure any default as of the date of the petition: $7,494.82

Annual Interest Rate (when case was filed) 8.990 %
[X] Fixed
[ ] Variable

Contractual rate - for informational purposes

**10. Is this claim based on a lease?**

[X] No

[ ] Yes. **Amount necessary to cure any default as of the date of the petition.** $

**11. Is this claim subject to a right of setoff?**

[X] No

[ ] Yes. Identify the property: _____

Form 410                                    Proof of Claim                                    page 2

Case: 17-40501   Doc# 19   Filed: 04/05/17   Entered: 04/05/17 15:17:30   Page 14 of 26

| 12. Is all or part of the claim entitled to priority under 11 U.S. C. § 507(a)? <br><br> A claim may be partly priority and partly nonpriority. For example, in some categories, the law limits the amount entitled to property. | [X] No <br> [ ] Yes. *Check all that apply:* | Amount entitled to priority |
|---|---|---|
| | [ ] Domestic support obligations (including alimony and child support) under 11 U.S.C. § 507 (a)(1)(A) or (a)(1)(B). | $_____ |
| | [ ] Up to $2,850* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use - 11 U.S.C. §507 (a)(7). | $_____ |
| | [ ] Wages, salaries, or commissions (up to $12,850*) earned within 180 days before the bankruptcy petition is filed or the debtor's business ceased, whichever is earlier - 11 U.S.C §507 (a)(4). | $_____ |
| | [ ] Taxes or penalties owed to governmental units - 11 U.S.C. §507 (a)(8). | $_____ |
| | [ ] Contributions to an employee benefit plan . 11 U.S.C. §507 (a)(5). | $_____ |
| | [ ] Other. Specify subsection of 11 U.S.C §507 (a)(___) that applies. | $_____ |
| | * Amounts are subject to adjustment on 4/01/19 and every 3 years after that for cases begun on or after the date of adjustment. | |

| **Part 3:** | **Sign Below** |
|---|---|

| The person completing this proof of claim must sign and date it. FRBP9011(b). <br><br> If you file this claim electronically, FRBP 5005(a)(2) authorizes courts to establish local rules specifying what a signature is. <br><br> **A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.** | *Check the appropriate box:* <br><br> [ ] I am the creditor. <br><br> [X] I am the creditor's attorney or authorized agent. <br><br> [ ] I am the trustee, or the debtor, or their authorized agent. Bankruptcy Rule 3004. <br><br> [ ] I am a guarantor, surety, endorser, or other codebtor. Bankruptcy Rule 3005. <br><br><br> I understand that an authorized signature on this *Proof of Claim* serves as an acknowledgment that when calculating the amount of the claim, the creditor gave the debtor credit for any payments received toward that debt. <br><br> I have examined the information in this *Proof of Claim* and have a reasonable belief that the information is true and correct. <br><br> I declare under penalty of perjury that the foregoing is true and correct. <br><br> Executed on date  <u>03/16/2017</u> <br>  MM / DD / YYYY <br><br><br> <u>/s/ Marian Garza</u> <br>  Signature <br> **Print the name of the person who is completing and signing this claim:** <br><br> Name    <u>Marian Garza</u> <br>    First Name       Middle Name       Last Name <br><br> Title    <u>Claims Processor</u> <br><br> Company   <u>Ascension Capital Group</u> <br>    Identify the corporate servicer as the company if the authorized agent is a servicer. <br><br> Address   <u>P.O. Box 201347</u> <br>    Number   Street <br><br>    <u>Arlington, TX 76006</u> <br>    City         State     ZIP Code <br><br> Contact phone  <u>(888) 455-6662</u>     Email  ecfnotices@ascensioncapitalgroup.com |

* This form 410 has been modified by AIS in conformance with FED. R. BANKR. P. 9009 and compliance with FED. R. BANKR. P. 3001. This Form 410, as modified, is substantially similar to Official Form 410.

# Auto Proof of Claim Attachment

| | | |
|---|---|---|
| Name of debtor: | MUJIBULLAH SYED | |
| Name of creditor: | Capital One Auto Finance, a division of Ca | |

| | |
|---|---|
| Case number: | 17-40501-CN-13 |
| Last four digits of any number you use to identify the debtor's account: | XXXXX0338 |

## Part 1: Statement of Principal and Interest Due as of the Petition Date

| | | | |
|---|---|---|---|
| 1. Principal due | (1) | $ | 20,499.30 |
| 2. Interest due | (2) + | $ | 2,144.07 |
| 3. Total principal and interest due | (3) | $ | 22,643.37 |

## Part 2: Statement of Prepetition Fees, Expenses, and Charges

| Description | | | Amount |
|---|---|---|---|
| 1. Late charges: | (1) | $ | 115.30 |
| 2. Non-sufficient funds (NSF) fees: | (2) | $ | - |
| 3. Other. Specify: | (3) | $ | - |
| 4. Other. Specify: | (4) | $ | - |
| 5. Other. Specify: | (5) | $ | - |
| 6. Total prepetition fees, expenses, and charges. | (6) | $ | 115.30 |

## Part 3: Statement of Amount Necessary to Cure Default as of the Petition Date

| | | | | |
|---|---|---|---|---|
| 1. Installment payments due | Date last payment received by creditor | | | 2/17/2016 |
| | Number of installment payments due as of petition date<br>*Note: Partial payments will be reflected to the hundredth decimal place.* | (1) | | 16.00 |
| 2. Amount of installment payments due as of petition date: | | (2) | $ | 7,379.52 |
| 3. Calculation of cure amount | **Add** total prepetition fees, expenses, and charges | + | $ | 115.30 |
| | **Subtract** total of unapplied funds (funds received but not credited to account) | - | $ | - |
| | **Subtract** amounts for which debtor is entitled to a refund | - | $ | - |
| | Total amount necessary to cure default as of the petition date | (3) | $ | 7,494.82 |

DEAL#
STK #
CUST#
FORM#

## RETAIL INSTALLMENT SALE CONTRACT - SIMPLE FINANCE CHARGE
### (WITH ARBITRATION PROVISION)

Dealer Number _____  Contract Number _____  R.O.S. Number **N/A**  Stock Number _____

| Buyer Name and Address (Including County and Zip Code) | Co-Buyer Name and Address (Including County and Zip Code) | Seller-Creditor (Name and Address) |
|---|---|---|
| MUJIBULLAH SYED 2311 IVY HILL WAY #325 SAN RAMON, CA 94582 COUNTY: CONTRA COSTA 925/336-4300 | | CONCORD TOYOTA 1090 CONCORD AVE CONCORD, CA 94520 925/682-7131 |

You, the Buyer (and Co-Buyer, if any), may buy the vehicle below for cash or on credit. By signing this contract, you choose to buy the vehicle on credit under the agreements on all pages of this contract. You agree to pay the Seller - Creditor (sometimes "we" or "us" in this contract) the Amount Financed and Finance Charge in U.S. funds according to the payment schedule below. We will figure your finance charge on a daily basis. The Truth-In-Lending Disclosures below are part of this contract.

| New Used | Year | Make and Model | Odometer | Vehicle Identification Number | Primary Use For Which Purchased |
|---|---|---|---|---|---|
| NEW | 2014 | TOYOTA CAMRY | 8 | 4T1BF1FK7EU360352 | Personal, family or household unless otherwise indicated below. ☐ business or commercial |

### FEDERAL TRUTH-IN-LENDING DISCLOSURES

| ANNUAL PERCENTAGE RATE The cost of your credit as a yearly rate. | FINANCE CHARGE The dollar amount the credit will cost you. | Amount Financed The amount of credit provided to you or on your behalf. | Total of Payments The amount you will have paid after you have made all payments as scheduled. | Total Sale Price The total cost of your purchase on credit, including your down payment of $ 516.12 is |
|---|---|---|---|---|
| 8.99 % | $ 7707.92 (e) | $ 25499.92 | $ 33207.84 (e) | $ 33723.96 (e) |

(e) means an estimate

**YOUR PAYMENT SCHEDULE WILL BE:**

| Number of Payments: | Amount of Payments: | When Payments Are Due: |
|---|---|---|
| One Payment of | N/A | N/A 3/18/2014 |
| One Payment of | N/A | N/A |
| One Payment of | N/A | N/A |
| 71 | 461.22 | Monthly beginning 04/11/2014 |
| N/A | N/A | N/A |
| One final payment | 461.22 | 03/11/2020 |

Late Charge. If payment is not received in full within 10 days after it is due, you will pay a late charge of 5% of the part of the payment that is late.
Prepayment. If you pay off all your debt early, you may be charged a minimum finance charge.
Security Interest. You are giving a security interest in the vehicle being purchased.
Additional Information: See this contract for more information including information about nonpayment, default, any required repayment in full before the scheduled date, minimum finance charges, and security interest.

**HOW THIS CONTRACT CAN BE CHANGED.** This contract contains the entire agreement between you and us relating to this contract. Any change to the contract must be in writing and both you and we must sign it. No oral changes are binding.

Buyer Signs X _____

Co-Buyer Signs X _____ N/A

**Agreement to Arbitrate:** By signing below, you agree that, pursuant to the Arbitration Provision on page 7 of this contract, you or we may elect to resolve any dispute by neutral, binding arbitration and not by a court action. See the Arbitration Provision for additional information concerning the agreement to arbitrate.

Buyer Signs X _____

Co-Buyer Signs X _____ N/A

Buyer Signs X _____  Co-Buyer Signs X _____ N/A

**ITEMIZATION OF THE AMOUNT FINANCED** (Seller may keep part of the amounts paid to others.)

1. **Total Cash Price**

A. Cash Price of Motor Vehicle and Accessories ..... $ **23644.00** (A)

   1. Cash Price Vehicle ..... $ **23644.00**

   2. Cash Price Accessories ..... $ **N/A**

   3. Other (Nontaxable)

     Describe **N/A** ..... $ **N/A**

     Describe **N/A** ..... $ **N/A**

B. Document Processing Charge (not a governmental fee) ..... $ **80.00** (B)

C. Emissions Testing Charge (not a governmental fee) ..... $ **N/A** (C)

D. (Optional) Theft Deterrent Device (to whom paid) **N/A** ..... $ **N/A** (D)

E. (Optional) Theft Deterrent Device (to whom paid) **N/A** ..... $ **N/A** (E)

F. (Optional) Theft Deterrent Device (to whom paid) **N/A** ..... $ **N/A** (F)

G. (Optional) Surface Protection Product (to whom paid) **N/A** ..... $ **N/A** (G)

H. (Optional) Surface Protection Product (to whom paid) **N/A** ..... $ **N/A** (H)

I. EV Charging Station (to whom paid) **N/A** ..... $ **N/A** (I)

J. Sales Tax (on taxable items in A through I) ..... $ **2016.54** (J)

K. Electronic Vehicle Registration or Transfer Charge

   (not a governmental fee) (to whom paid) **AVRS** ..... $ **20.50** (K)

L. (Optional) Service Contract (to whom paid) **N/A** ..... $ **N/A** (L)

M. (Optional) Service Contract (to whom paid) **N/A** ..... $ **N/A** (M)

N. (Optional) Service Contract (to whom paid) **N/A** ..... $ **N/A** (N)

O. (Optional) Service Contract (to whom paid) **N/A** ..... $ **N/A** (O)

P. (Optional) Service Contract (to whom paid) **N/A** ..... $ **N/A** (P)

Q. Prior Credit or Lease Balance paid by Seller to

   **N/A** ..... (e) $ **N/A** (Q)

   (see downpayment and trade-in calculation)

R. (Optional) Gap Contract (to whom paid) **N/A** ..... $ **N/A** (R)

S. (Optional) Used Vehicle Contract Cancellation Option Agreement ..... $ **N/A** (S)

T. Other (to whom paid) **N/A**

   For **N/A** ..... $ **N/A** (T)

Total Cash Price (A through T) ..... $ **25761.04** (1)

2. **Amounts Paid to Public Officials**

A. Vehicle License Fees **ESTIMATED** ..... $ **154.00** (A)

B. Registration/Transfer/Titling Fees ..... $ **101.00** (B)

C. California Tire Fees ..... $ **N/A** (C)

D. Other **N/A** ..... $ **N/A** (D)

Total Official Fees (A through D) ..... $ **255.00** (2)

3. **Amount Paid to Insurance Companies**

(Total premiums from Statement of Insurance column a + b) ..... $ **N/A** (3)

4. ☐ State Emissions Certification Fee or ☐ State Emissions Exemption Fee ..... $ **N/A** (4)

5. **Subtotal** (1 through 4) ..... $ **26016.04** (5)

6. **Total Downpayment**

A. Agreed Trade-In Value Yr **2011** Make **HONDA** ..... $ **12000.00** (A)

   Model **CIVIC** Odom **23275**

   VIN **2HGFA1F5XBH547857**

B. Less Prior Credit or Lease Balance (e) ..... $ **12483.88** (B)

C. Net Trade-In (A less B) (indicate if a negative number) ..... $ **-483.88** (C)

D. Deferred Downpayment ..... $ **N/A** (D)

E. Manufacturer's Rebate ..... $ **1000.00** (E)

F. Other **N/A** ..... $ **N/A** (F)

G. Cash ..... $ **N/A** (G)

Total Downpayment (C through G) ..... $ **516.12** (6)

(If negative, enter on line 6 and enter the amount less than zero as a positive number on line 1Q above)

7. **Amount Financed** (5 less 6) ..... $ **25499.92** (7)

**OPTION:** ☐ You pay no finance charge if the Amount Financed, item 7, is paid in full on or before

_____ **N/A** , Year **N/A** . SELLER'S INITIALS **N/A**

---

**OPTIONAL GAP CONTRACT** A gap contract (debt cancellation contract) is not required to obtain credit and will not be provided unless you sign below and agree to pay the extra charge. If you choose to buy a gap contract, the charge is shown in item 1R of the Itemization of Amount Financed. See your gap contract for details on the terms and conditions it provides. It is a part of this contract.

Term **N/A** Mos. **N/A**

Name of Gap Contract

I want to buy a gap contract.

Buyer Signs X **N/A**

**OPTIONAL SERVICE CONTRACT(S)** You want to purchase the service contract(s) written with the following company(ies) for the term(s) shown below for the charge(s) shown in item 1L, 1M, 1N, 1O, and/or 1P.

1L Company **N/A**

Term **N/A** Mos. or **N/A** Miles

1M Company **N/A**

Term **N/A** Mos. or **N/A** Miles

1N Company **N/A**

Term **N/A** Mos. or **N/A** Miles

1O Company **N/A**

Term **N/A** Mos. or **N/A** Miles

1P Company **N/A**

Term **N/A** Mos. or **N/A** Miles

Buyer X **N/A**

**SELLER ASSISTED LOAN**
BUYER MAY BE REQUIRED TO PLEDGE SECURITY FOR THE LOAN, AND WILL BE OBLIGATED FOR THE INSTALLMENT PAYMENTS ON BOTH THIS RETAIL INSTALLMENT SALE CONTRACT AND THE LOAN.

Proceeds of Loan From: **N/A**

Amount $ **N/A** Finance Charge $ **N/A**

Total $ **N/A** Payable in

Installments of $ **N/A** , $ **N/A**

from this Loan is shown in item 6D.

**AUTO BROKER FEE DISCLOSURE**
If this contract reflects the retail sale of a new motor vehicle, the sale is not subject to a fee received by an autobroker from us unless the following box is checked:

☐ Name of autobroker receiving fee, if applicable:

**N/A**

---

Case: 17-40501 Doc# 19 Filed: 04/05/17 Entered: 04/05/17 15:17:30 Page 18 of 26

SELLER'S RIGHT TO CANCEL. If Buyer and Co-Buyer sign here, the provisions of the Seller's Right to Cancel section on page 6 giving the Seller the right to cancel if Seller is unable to assign the contract to a financial institution will apply.

X _____    X __N/A__
Buyer             Co-Buyer

THE MINIMUM PUBLIC LIABILITY INSURANCE LIMITS PROVIDED IN LAW MUST BE MET BY EVERY PERSON WHO PURCHASES A VEHICLE. IF YOU ARE UNSURE WHETHER OR NOT YOUR CURRENT INSURANCE POLICY WILL COVER YOUR NEWLY ACQUIRED VEHICLE IN THE EVENT OF AN ACCIDENT, YOU SHOULD CONTACT YOUR INSURANCE AGENT.

WARNING:
YOUR PRESENT POLICY MAY NOT COVER COLLISION DAMAGE OR MAY NOT PROVIDE FOR FULL REPLACEMENT COSTS FOR THE VEHICLE BEING PURCHASED. IF YOU DO NOT HAVE FULL COVERAGE, SUPPLEMENTAL COVERAGE FOR COLLISION DAMAGE MAY BE AVAILABLE TO YOU THROUGH YOUR INSURANCE AGENT OR THROUGH THE SELLING DEALER. HOWEVER, UNLESS OTHERWISE SPECIFIED, THE COVERAGE YOU OBTAIN THROUGH THE DEALER PROTECTS ONLY THE DEALER, USUALLY UP TO THE AMOUNT OF THE UNPAID BALANCE REMAINING AFTER THE VEHICLE HAS BEEN REPOSSESSED AND SOLD.
FOR ADVICE ON FULL COVERAGE THAT WILL PROTECT YOU IN THE EVENT OF LOSS OR DAMAGE TO YOUR VEHICLE, YOU SHOULD CONTACT YOUR INSURANCE AGENT.
THE BUYER SHALL SIGN TO ACKNOWLEDGE THAT HE/SHE UNDERSTANDS THESE PUBLIC LIABILITY TERMS AND CONDITIONS.

S/S X _____    X __N/A__

Trade-In Payoff Agreement: Seller relied on information from you and/or the lienholder or lessor of your trade-in vehicle to arrive at the payoff amount shown in Item 6B of the Itemization of Amount Financed as the "Prior Credit or Lease Balance." You understand that the amount quoted is an estimate.

Seller agrees to pay the payoff amount shown in 6B to the lienholder or lessor of the trade-in vehicle, or its designee. If the actual payoff amount is more than the amount shown in 6B, you must pay the Seller the excess on demand. If the actual payoff amount is less than the amount shown in 6B, Seller will refund to you any overage Seller receives from your prior lienholder or lessor. Except as stated in the "NOTICE" on page 5 of this contract, any assignee of this contract will not be obligated to pay the Prior Credit or Lease Balance shown in 6B or any refund.

Buyer Signature X _____

Co-Buyer Signature X __N/A__

---

### CREDIT DISABILITY INSURANCE NOTICE
### CLAIM PROCEDURE

If you become disabled, you must tell us right away. (You are advised to send this information to the same address to which you are normally required to send your payments, unless a different address or telephone number is given to you in writing by us as the location where we would like to be notified.) We will tell you where to get claim forms. You must send in the completed form to the insurance company as soon as possible and tell us as soon as you do.

If your disability insurance covers all of your missed payment(s), WE CANNOT TRY TO COLLECT WHAT YOU OWE OR FORECLOSE UPON OR REPOSSESS ANY COLLATERAL UNTIL THREE CALENDAR MONTHS AFTER your first missed payment is due or until the insurance company pays or rejects your claim, whichever comes first. We can, however, try to collect, foreclose, or repossess if you have any money due and owing us or are otherwise in default when your disability claim is made or if a senior mortgage or lien holder is foreclosing.

If the insurance company pays the claim within the three calendar months, we must accept the money as though you paid on time. If the insurance company rejects the claim within the three calendar months or accepts the claim within the three calendar months on a partial disability and pays less than for a total disability, you will have 35 days from the date that the rejection or the acceptance of the partial disability claim is sent to pay past due payments, or the difference between the past due payments and what the insurance company pays for the partial disability, plus late charges. You can contact us, and we will tell you how much you owe. After that time, we can take action to collect or foreclose or repossess any collateral you may have given.

If the insurance company accepts your claim but requires that you send in additional forms to remain eligible for continued payments, you should send in these completed additional forms no later than required. If you do not send in these forms on time, the insurance company may stop paying, and we will then be able to take action to collect or foreclose or repossess any collateral you may have given.

---

### STATEMENT OF INSURANCE

NOTICE. No person is required as a condition of financing the purchase of a motor vehicle to purchase or negotiate any insurance through a particular insurance company, agent or broker. You are not required to buy any other insurance to obtain credit. Your decision to buy or not buy other insurance will not be a factor in the credit approval process.

#### Vehicle Insurance

| | | | |
|---|---|---|---|
| $ __N/A__ Ded. Comp., Fire & Theft | N/A Mos. | $ | __N/A__ |
| $ __N/A__ Ded. Collision | N/A Mos. | $ | __N/A__ |
| Bodily Injury | $ __N/A__ Limits | N/A Mos. | $ __N/A__ |
| Property Damage $ __N/A__ Limits | N/A Mos. | $ | __N/A__ |
| Medical | __N/A__ | N/A Mos. | $ __N/A__ |
| | __N/A__ | N/A Mos. | $ __N/A__ |
| Total Vehicle Insurance Premiums | | | $ __N/A__ (a) |

UNLESS A CHARGE IS INCLUDED IN THIS AGREEMENT FOR PUBLIC LIABILITY OR PROPERTY DAMAGE INSURANCE, PAYMENT FOR SUCH COVERAGE IS NOT PROVIDED BY THIS AGREEMENT.

You may buy the physical damage insurance this contract requires from anyone you choose who is acceptable to us. You are not required to buy any other insurance to obtain credit.

Buyer X _____

Co-Buyer X __N/A__

Seller X CONCORD TOYOTA

If any insurance is checked below, policies or certificates from the named insurance companies will describe the terms and conditions.

#### Application for Optional Credit Insurance

☐ Credit Life:   ☐ Buyer   ☐ Co-Buyer   ☐ Both
☐ Credit Disability (Buyer Only)

| | Term | Exp. | | Premium |
|---|---|---|---|---|
| Credit Life | N/A Mos. | N/A | $ | __N/A__ |
| Credit Disability | N/A Mos. | N/A | $ | __N/A__ |
| Total Credit Insurance Premiums | | | $ | __N/A__ (b) |

Insurance Company Name
__N/A__

Home Office Address
__N/A__

Credit life insurance and credit disability insurance are not required to obtain credit. Your decision to buy or not buy credit life and credit disability insurance will not be a factor in the credit approval process. They will not be provided unless you sign and agree to pay the extra cost. Credit life insurance is based on your original payment schedule. This insurance may not pay all you owe on this contract if you make late payments. Credit disability insurance does not cover any increase in your payment or in the number of payments. Coverage for credit life insurance and credit disability insurance ends on the original due date for the last payment unless a different term for the insurance is shown above.

You are applying for the credit insurance marked above. Your signature below means that you agree that: (1) You are not eligible for insurance if you have reached your 65th birthday. (2) You are eligible for disability insurance only if you are working for wages or profit 30 hours a week or more on the Effective Date. (3) Only the Primary Buyer is eligible for disability insurance. DISABILITY INSURANCE MAY NOT COVER CONDITIONS FOR WHICH YOU HAVE SEEN A DOCTOR OR CHIROPRACTOR IN THE LAST 6 MONTHS (Refer to "Total Disabilities Not Covered" in your policy for details).
You want to buy the credit insurance.

| | | | |
|---|---|---|---|
| __N/A__ | X __N/A__ | | __N/A__ |
| Date | Buyer Signature | | Age |
| __N/A__ | X __N/A__ | | __N/A__ |
| Date | Co-Buyer Signature | | Age |

# OTHER IMPORTANT AGREEMENTS

## 1. FINANCE CHARGE AND PAYMENTS

**a. How we will figure Finance Charge.** We will figure the Finance Charge on a daily basis at the Annual Percentage Rate on the unpaid part of the Amount Financed. Seller - Creditor may receive part of the Finance Charge.

**b. How we will apply payments.** We may apply each payment to the earned and unpaid part of the Finance Charge, to the unpaid part of the Amount Financed and to other amounts you owe under this contract in any order we choose.

**c. How late payments or early payments change what you must pay.** We based the Finance Charge, Total of Payments, and Total Sale Price on page 1 of this contract on the assumption that you will make every payment on the day it is due. Your Finance Charge, Total of Payments, and Total Sale Price will be more if you pay late and less if you pay early. Changes may take the form of a larger or smaller final payment or, at our option, more or fewer payments of the same amount as your scheduled payment with a smaller final payment. We will send you a notice telling you about these changes before the final scheduled payment is due.

**d. You may prepay.** You may prepay all or part of the unpaid part of the Amount Financed at any time. If you do so, you must pay the earned and unpaid part of the Finance Charge and all other amounts due up to the date of your payment. As of the date of your payment, if the minimum finance charge is greater than the earned Finance Charge, you may be charged the difference; the minimum finance charge is as follows: (1) $25 if the original Amount Financed does not exceed $1,000, (2) $50 if the original Amount Financed is more than $1,000 but not more than $2,000, or (3) $75 if the original Amount Financed is more than $2,000.

## 2. YOUR OTHER PROMISES TO US

**a. If the vehicle is damaged, destroyed, or missing.** You agree to pay us all you owe under this contract even if the vehicle is damaged, destroyed, or missing.

> **GAP LIABILITY NOTICE**
> In the event of theft or damage to your vehicle that results in a total loss, there may be a gap between the amount you owe under this contract and the proceeds of your insurance settlement and deductible. THIS CONTRACT PROVIDES THAT YOU ARE LIABLE FOR THE GAP AMOUNT. An optional gap contract (debt cancellation contract) for coverage of the gap amount may be offered for an additional charge.

**b. Using the vehicle.** You agree not to remove the vehicle from the U.S. or Canada, or to sell, rent, lease, or transfer any interest in the vehicle or this contract without our written permission. You agree not to expose the vehicle to misuse, seizure, confiscation, or involuntary transfer. If we pay any repair bills, storage bills, taxes, fines, or charges on the vehicle, you agree to repay the amount when we ask for it.

**c. Security interest.**
You give us a security interest in:
- The vehicle and all parts or goods installed on it;
- All money or goods received (proceeds) for the vehicle;
- All insurance, maintenance, service, or other contracts we finance for you; and
- All proceeds from insurance, maintenance, service, or other contracts we finance for you. This includes any refunds of premiums or charges from the contracts.

This secures payment of all you owe on this contract. It also secures your other agreements in this contract as the law allows. You will make sure the title shows our security interest (lien) in the vehicle. You will not allow any other security interest to be placed on the title without our written permission.

**d. Insurance you must have on the vehicle.**
You agree to have physical damage insurance covering loss of or damage to the vehicle for the term of this contract. The insurance must cover our interest in the vehicle. If you do not have this insurance, we may, if we choose, buy physical damage insurance. If we decide to buy physical damage insurance, we may either buy insurance that covers your interest and our interest in the vehicle, or buy insurance that covers only our interest. If we buy either type of insurance, we will tell you which type and the charge you must pay. The charge will be the premium for the insurance and a finance charge computed at the Annual Percentage Rate shown on page 1 of this contract or, at our option, the highest rate the law permits. If the vehicle is lost or damaged, you agree that we may use any insurance settlement to reduce what you owe or repair the vehicle.

**e. What happens to returned insurance, maintenance, service, or other contract charges.** If we get a refund of insurance, maintenance, service, or other contract charges, you agree that we may subtract the refund from what you owe.

## 3. IF YOU PAY LATE OR BREAK YOUR OTHER PROMISES

**a. You may owe late charges.** You will pay a late charge on each late payment as shown on page 1 of this contract. Acceptance of a late payment or late charge does not excuse your late payment or mean that you may keep making late payments. If you pay late, we may also take the steps described below.

**b. You may have to pay all you owe at once.** If you break your promises (default), we may demand that you pay all you owe on this contract at once, subject to any right the law gives you to reinstate this contract. Default means:
- You do not pay any payment on time;
- You give false, incomplete, or misleading information on a credit application;
- You start a proceeding in bankruptcy or one is started against you or your property;
- The vehicle is lost, damaged or destroyed; or
- You break any agreements in this contract.

The amount you will owe will be the unpaid part of the Amount Financed plus the earned and unpaid part of the Finance Charge, any late charges, and any amounts due because you defaulted.

**c. You may have to pay collection costs.** You will pay our reasonable costs to collect what you owe, including attorney fees, court costs, collection agency fees, and fees paid for other reasonable collection efforts. You agree to pay a charge not to exceed $15 if any check you give to us is dishonored.

Case 17-40501  Claim 3-1  Filed 03/17/17  Desc  Page 4 of 12

Case: 17-40501   Doc# 19   Filed: 04/05/17   Entered: 04/05/17 15:17:30   Page 20 of 26

**d. We may take the vehicle from you.** If you default, we may take (repossess) the vehicle from you if we do so peacefully and the law allows it. If your vehicle has an electronic tracking device, you agree that we may use the device to find the vehicle. If we take the vehicle, any accessories, equipment, and replacement parts will stay with the vehicle. If any personal items are in the vehicle, we may store them for you at your expense. If you do not ask for these items back, we may dispose of them as the law allows.

**e. How you can get the vehicle back if we take it.** If we repossess the vehicle, you may pay to get it back (redeem). You may redeem the vehicle by paying all you owe, or you may have the right to reinstate this contract and redeem the vehicle by paying past due payments and any late charges, providing proof of insurance, and/or taking other action to cure the default. We will provide you all notices required by law to tell you when and how much to pay and/or what action you must take to redeem the vehicle.

**f. We will sell the vehicle if you do not get it back.** If you do not redeem, we will sell the vehicle. We will send you a written notice of sale before selling the vehicle.

We will apply the money from the sale, less allowed expenses, to the amount you owe. Allowed expenses are expenses we pay as a direct result of taking the vehicle, holding it, preparing it for sale, and selling it. Attorney fees and court costs the law permits are also allowed expenses. If any money is left (surplus), we will pay it to you unless the law requires us to pay it to someone else. If money from the sale is not enough to pay the amount you owe, you must pay the rest to us. If you do not pay this amount when we ask, we may charge you interest at the Annual Percentage Rate shown on page 1 of this contract, not to exceed the highest rate permitted by law, until you pay.

**g. What we may do about optional insurance, maintenance, service, or other contracts.** This contract may contain charges for optional insurance, maintenance, service, or other contracts. If we demand that you pay all you owe at once or we repossess the vehicle, we may claim benefits under these contracts and cancel them to obtain refunds of unearned charges to reduce what you owe or repair the vehicle. If the vehicle is a total loss because it is confiscated, damaged, or stolen, we may claim benefits under these contracts and cancel them to obtain refunds of unearned charges to reduce what you owe.

**4. WARRANTIES SELLER DISCLAIMS**
**If you do not get a written warranty, and the Seller does not enter into a service contract within 90 days from the date of this contract, the Seller makes no warranties, express or implied, on the vehicle, and there will be no implied warranties of merchantability or of fitness for a particular purpose.**
This provision does not affect any warranties covering the vehicle that the vehicle manufacturer may provide. If the Seller has sold you a certified used vehicle, the warranty of merchantability is not disclaimed.

**5.** *Used Car Buyers Guide. The information you see on the window form for this vehicle is part of this contract. Information on the window form overrides any contrary provisions in the contract of sale.*
Spanish Translation: Guía para compradores de vehículos usados. La información que ve en el formulario de la ventanilla para este vehículo forma parte del presente contrato. La información del formulario de la ventanilla deja sin efecto toda disposición en contrario contenida en el contrato de venta.

**6. Servicing and Collection Contacts.**
You agree that we may try to contact you in writing, by e-mail, or using prerecorded/artificial voice messages, text messages, and automatic telephone dialing systems, as the law allows. You also agree that we may try to contact you in these and other ways at any address or telephone number you provide us, even if the telephone number is a cell phone number or the contact results in a charge to you.

**7. Applicable Law**
Federal law and California law apply to this contract. If any part of this contract is not valid, all other parts stay valid. We may delay or refrain from enforcing any of our rights under this contract without losing them. For example, we may extend the time for making some payments without extending the time for making others.

**8. Warranties of Buyer.** You promise you have given true and correct information in your application for credit, and you have no knowledge that will make that information untrue in the future. We have relied on the truth and accuracy of that information in entering into this contract. Upon request, you will provide us with documents and other information necessary to verify any item contained in your credit application.

You waive the provisions of Calif. Vehicle Code Section 1808.21 and authorize the California Department of Motor Vehicles to furnish your residence address to us.

**NOTICE: ANY HOLDER OF THIS CONSUMER CREDIT CONTRACT IS SUBJECT TO ALL CLAIMS AND DEFENSES WHICH THE DEBTOR COULD ASSERT AGAINST THE SELLER OF GOODS OR SERVICES OBTAINED PURSUANT HERETO OR WITH THE PROCEEDS HEREOF. RECOVERY HEREUNDER BY THE DEBTOR SHALL NOT EXCEED AMOUNTS PAID BY THE DEBTOR HEREUNDER.**

The preceding NOTICE applies only to goods or services obtained primarily for personal, family or household use. In all other cases, Buyer will not assert against any subsequent holder or assignee of this contract any claims or defenses the Buyer (debtor) may have against the Seller, or against the manufacturer of the vehicle or equipment obtained under this contract.

### Seller's Right to Cancel

a. Seller agrees to deliver the vehicle to you on the date this contract is signed by Seller and you. You understand that it may take a few days for Seller to verify your credit and assign the contract. You agree that if Seller is unable to assign the contract to any one of the financial institutions with whom Seller regularly does business under an assignment acceptable to Seller, Seller may cancel the contract.

b. Seller shall give you written notice (or in any other manner in which actual notice is given to you) within 10 days of the date this contract is signed if Seller elects to cancel. Upon receipt of such notice, you must immediately return the vehicle to Seller in the same condition as when sold, reasonable wear and tear excepted. Seller must give back to you all consideration received by Seller, including any trade-in vehicle.

c. If you do not immediately return the vehicle, you shall be liable for all expenses incurred by Seller in taking the vehicle from you, including reasonable attorney's fees.

d. While the vehicle is in your possession, all terms of the contract, including those relating to use of the vehicle and insurance for the vehicle, shall be in full force and you shall assume all risk of loss or damage to the vehicle. You must pay all reasonable costs for repair of any damage to the vehicle until the vehicle is returned to Seller.

---

**Notice to buyer:** (1) Do not sign this agreement before you read it or if it contains any blank spaces to be filled in. (2) You are entitled to a completely filled in copy of this agreement. (3) You can prepay the full amount due under this agreement at any time. (4) If you default in the performance of your obligations under this agreement, the vehicle may be repossessed and you may be subject to suit and liability for the unpaid indebtedness evidenced by this agreement.

If you have a complaint concerning this sale, you should try to resolve it with the seller.
Complaints concerning unfair or deceptive practices or methods by the seller may be referred to the city attorney, the district attorney, or an investigator for the Department of Motor Vehicles, or any combination thereof.
After this contract is signed, the seller may not change the financing or payment terms unless you agree in writing to the change. You do not have to agree to any change, and it is an unfair or deceptive practice for the seller to make a unilateral change.

Buyer Signature X _____     Co-Buyer Signature X _____ N/A

---

*The Annual Percentage Rate may be negotiable with the Seller. The Seller may assign this contract and retain its right to receive a part of the Finance Charge.*

| THERE IS NO COOLING-OFF PERIOD UNLESS YOU OBTAIN A CONTRACT CANCELLATION OPTION | YOU AGREE TO THE TERMS OF THIS CONTRACT. YOU CONFIRM THAT BEFORE YOU SIGNED THIS CONTRACT, WE GAVE IT TO YOU, AND YOU WERE FREE TO TAKE IT AND REVIEW IT. YOU ACKNOWLEDGE THAT YOU HAVE READ ALL PAGES OF THIS CONTRACT, INCLUDING THE ARBITRATION PROVISION ON PAGE 7, BEFORE SIGNING BELOW. YOU CONFIRM THAT YOU RECEIVED A COMPLETELY FILLED-IN COPY WHEN YOU SIGNED IT. |
|---|---|

California law does not provide for a "cooling-off" or other cancellation period for vehicle sales. Therefore, you cannot later cancel this contract simply because you change your mind, decide the vehicle costs too much, or wish you had acquired a different vehicle. After you sign below, you may only cancel this contract with the agreement of the seller or for legal cause, such as fraud. However, California law does require a seller to offer a two-day contract cancellation option on used vehicles with a purchase price of less than forty thousand dollars ($40,000), subject to certain statutory conditions. This contract cancellation option requirement does not apply to the sale of a recreational vehicle, a motorcycle, or an off-highway motor vehicle subject to identification under California law. See the vehicle contract cancellation option agreement for details.

Buyer Signature X _____     Date 02/25/2014  Co-Buyer Signature X _____ N/A     Date N/A

Co-Buyers and Other Owners—A co-buyer is a person who is responsible for paying the entire debt. An other owner is a person whose name is on the title to the vehicle but does not have to pay the debt. The other owner agrees to the security interest in the vehicle given to us in this contract.

Other Owner Signature X _____ N/A     Address _____ N/A

GUARANTY: To induce us to sell the vehicle to Buyer, each person who signs as a Guarantor individually guarantees the payment of this contract. If Buyer fails to pay any money owing on this contract, each Guarantor must pay it when asked. Each Guarantor will be liable for the total amount owing even if other persons also sign as Guarantor, and even if Buyer has a complete defense to Guarantor's demand for reimbursement. Each Guarantor agrees to be liable even if we do one or more of the following: (1) give the Buyer more time to pay one or more payments; (2) give a full or partial release to any other Guarantor; (3) release any security; (4) accept less from the Buyer than the total amount owing; or (5) otherwise reach a settlement relating to this contract or extend the contract. Each Guarantor acknowledges receipt of a completed copy of this contract and guaranty at the time of signing.

Guarantor waives notice of acceptance of this Guaranty, notice of the Buyer's non-payment, non-performance, and default; and notices of the amount owing at any time, and of any demands upon the Buyer.

Guarantor X _____     Date 02/25/2014  Guarantor X _____     Date N/A

Address _____ N/A     Address _____ N/A

Seller signs **CONCORD TOYOTA**     Date 02/25/2014  By X _____     Title **MGR**

---

Seller assigns its interest in this contract to **Capital One Auto Finance**     (Assignee) (at address)
P.O. Box 660068
Sacramento, CA 95866     under the terms of Seller's agreement(s) with Assignee.

☒ Assigned without recourse     ☐ Assigned with limited recourse

Seller **CONCORD TOYOTA**     By _____     Title **MGR**

Case: 17-40501    Doc# 19    Filed: 04/05/17    Entered: 04/05/17 15:17:30    Page 22 of 26

## ARBITRATION PROVISION
### PLEASE REVIEW - IMPORTANT - AFFECTS YOUR LEGAL RIGHTS

1. EITHER YOU OR WE MAY CHOOSE TO HAVE ANY DISPUTE BETWEEN US DECIDED BY ARBITRATION AND NOT IN COURT OR BY JURY TRIAL.

2. IF A DISPUTE IS ARBITRATED, YOU WILL GIVE UP YOUR RIGHT TO PARTICIPATE AS A CLASS REPRESENTATIVE OR CLASS MEMBER ON ANY CLASS CLAIM YOU MAY HAVE AGAINST US INCLUDING ANY RIGHT TO CLASS ARBITRATION OR ANY CONSOLIDATION OF INDIVIDUAL ARBITRATIONS.

3. DISCOVERY AND RIGHTS TO APPEAL IN ARBITRATION ARE GENERALLY MORE LIMITED THAN IN A LAWSUIT, AND OTHER RIGHTS THAT YOU AND WE WOULD HAVE IN COURT MAY NOT BE AVAILABLE IN ARBITRATION.

Any claim or dispute, whether in contract, tort, statute or otherwise (including the interpretation and scope of this Arbitration Provision, and the arbitrability of the claim or dispute), between you and us or our employees, agents, successors or assigns, which arises out of or relates to your credit application, purchase or condition of this vehicle, this contract or any resulting transaction or relationship (including any such relationship with third parties who do not sign this contract) shall, at your or our election, be resolved by neutral, binding arbitration and not by a court action. If federal law provides that a claim or dispute is not subject to binding arbitration, this Arbitration Provision shall not apply to such claim or dispute. Any claim or dispute is to be arbitrated by a single arbitrator on an individual basis and not as a class action. You expressly waive any right you may have to arbitrate a class action. You may choose the American Arbitration Association, 1633 Broadway, 10th Floor, New York, New York 10019 (www.adr.org), or any other organization to conduct the arbitration subject to our approval. You may get a copy of the rules of an arbitration organization by contacting the organization or visiting its website.

Arbitrators shall be attorneys or retired judges and shall be selected pursuant to the applicable rules. The arbitrator shall apply governing substantive law and the applicable statute of limitations. The arbitration hearing shall be conducted in the federal district in which you reside unless the Seller-Creditor is a party to the claim or dispute, in which case the hearing will be held in the federal district where this contract was executed. We will pay your filing, administration, service or case management fee and your arbitrator or hearing fee all up to a maximum of $5000, unless the law or the rules of the chosen arbitration organization require us to pay more. The amount we pay may be reimbursed in whole or in part by decision of the arbitrator if the arbitrator finds that any of your claims is frivolous under applicable law. Each party shall be responsible for its own attorney, expert and other fees, unless awarded by the arbitrator under applicable law. If the chosen arbitration organization's rules conflict with this Arbitration Provision, then the provisions of this Arbitration Provision shall control. Any arbitration under this Arbitration Provision shall be governed by the Federal Arbitration Act (9 U.S.C. § 1 et. seq.) and not by any state law concerning arbitration. Any award by the arbitrator shall be in writing and will be final and binding on all parties, subject to any limited right to appeal under the Federal Arbitration Act.

You and we retain the right to seek remedies in small claims court for disputes or claims within that court's jurisdiction, unless such action is transferred, removed or appealed to a different court. Neither you nor we waive the right to arbitrate by using self-help remedies, such as repossession, or by filing an action to recover the vehicle, to recover a deficiency balance, or for individual injunctive relief. Any court having jurisdiction may enter judgment on the arbitrator's award. This Arbitration Provision shall survive any termination, payoff or transfer of this contract. If any part of this Arbitration Provision, other than waivers of class action rights, is deemed or found to be unenforceable for any reason, the remainder shall remain enforceable. If a waiver of class action rights is deemed or found to be unenforceable for any reason in a case in which class action allegations have been made, the remainder of this Arbitration Provision shall be unenforceable.

Buyer Signs X _____  Co-Buyer Signs X  **N/A** _____

FORM NO. 553-CA-ARB-eps  (REV 7/13)  U.S. PATENT NO. D468,782
©2013 The Reynolds and Reynolds Company
THERE ARE NO WARRANTIES, EXPRESS OR IMPLIED, AS TO CONTENT OR
FITNESS FOR PURPOSE OF THIS FORM. CONSULT YOUR OWN LEGAL COUNSEL.

TO PROPERLY RELEASE YOUR LIABILITY, PLEASE READ AND FOLLOW INSTRUCTIONS ON REVERSE SIDE
SECTIONS A-J MUST BE COMPLETED IN FULL    PRINT IN CAPITAL LETTERS – USE BLACK OR BLUE INK

## NOTICE OF TRANSFER AND
## RELEASE OF LIABILITY

MAIL THIS PORTION TO DMV-OR-FILE ONLINE AT dmv.ca.gov

A NEW OWNER'S *LAST NAME* (OR) COMPANY NAME          FIRST

B NEW OWNER'S ADDRESS                    APT NUMBER    C ODOMETER READING (NO TENTHS)

D CITY                    STATE    ZIP CODE    E DATE OF SALE OR LEASE RETURN

F SELLER'S OR LESSEE'S *LAST NAME* (OR) COMPANY NAME    FIRST    G SELLING PRICE (NO CENTS)    WHOLE DOLLARS

H SELLER'S OR LESSEE'S ADDRESS                APT NUMBER    I SELLER'S OR LESSEE'S SIGNATURE

X

J CITY                    STATE    ZIP CODE

VEHICLE ID NUMBER              YR MODEL  MAKE    PLATE NUMBER

4T1BF1FK7EU360352        2014 TOYT    7EYA100

REG 138A (REV 10/2012)

---

## STATE OF CALIFORNIA

### CERTIFICATE OF TITLE

278A                    VEHICLE HISTORY

AUTOMOBILE                    YR MODEL  MAKE    PLATE NUMBER

VEHICLE ID NUMBER
4T1BF1FK7EU360352        2014 TOYT    100

BODY TYPE MODEL    AX  UNLADEN  FUEL  TRANSFER DATE  FEES PAID    EXPIRATION DATE
SD          WEIGHT  G              NONE      02/26/2018

        YR 1ST    CLASS  *YR    MO    EQUIPMT/TRUST NUMBER    ISSUE DATE
        SOLD                              02/27/17
        2014 FL    YN

MOTORCYCLE ENGINE NUMBER            ODOMETER DATE              ODOMETER READING
                        02/25/2014        8 MI
                        ACTUAL MILEAGE

REGISTERED OWNER(S)

SYED MUJIBULLAH
11040 BOLLINGER CANYON RD
APT 907
SAN RAMON CA 94582                    -----
                            -----

I certify (or declare) under penalty of perjury under the laws of the State of California that THE SIGNATURE(S) BELOW RELEASES INTEREST IN THE VEHICLE.

1a. _____  X _____
    DATE          SIGNATURE OF REGISTERED OWNER

1b. _____  X _____
    DATE          SIGNATURE OF REGISTERED OWNER

Federal and State law requires that you state the mileage upon transfer of ownership. Failure to complete or providing a false statement may result in fines and/or imprisonment.

The odometer now reads [          ] (no tenths), miles and to the best of my knowledge reflects the actual mileage unless one of the following statements is checked. Mileage is VOID if altered or erased.

WARNING ☐ Odometer reading is not the actual mileage  ☐ Mileage exceeds the odometer mechanical limits.

I certify (or declare) under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

DATE    TRANSFEREE/SELLER SIGNATURE(S)    DATE    TRANSFEREE/BUYER SIGNATURE(S)
        X                          X

PRINTED NAME OF SELLER OR AGENT SIGNING FOR A COMPANY    PRINTED NAME OF BUYER OR AGENT SIGNING FOR A COMPANY

### IMPORTANT READ CAREFULLY

Any change of lienholder (holder of security interest) must be reported to the Department of Motor Vehicles within 10 days.

LIENHOLDER(S)

CAPITAL ONE AUTO FIN
PO BX 255605
SACRAMENTO CA 95865

2. X _____
   Signature releases interest in vehicle (Company names must be countersigned.)
   Release Date _____

8031

8516        REG 17.30NS (REV.02/2016)

KEEP IN A SAFE PLACE - VOID IF ALTERED



Advertisement

# 2014 Toyota Camry Pricing Report



**Style:** SE Sedan 4D
**Mileage:** 109,000

## Sell To Private Party

**Private Party Value** (Good Condition)
**$9,605**



Fair Condition

Very Good Condition

Excellent Condition

PRIVATE PARTY RANGE

Private Party Values valid for your area through 03/16/2017
Good Condition

## Vehicle Highlights

| | |
|---|---|
| Fuel Economy: City 25/Hwy 35/Comb 28 MPG | Max Seating: 5 |
| Doors: 4 | Engine: 4-Cyl, 2.5 Liter |
| Drivetrain: FWD | Transmission: Automatic, 6-Spd |
| EPA Class: Midsize Cars | Body Style: Sedan |
| Country of Origin: Japan | Country of Assembly: United States |

## Your Configured Options

Our pre-selected options, based on typical equipment for this car.

✔ Options that you added while configuring this car.

**Engine**
4-Cyl, 2.5 Liter

**Transmission**
Automatic, 6-Spd

**Drivetrain**
FWD

**Braking and Traction**
ZQ8 Sport Suspension
Traction Control
Stability Control
ABS (4-Wheel)

**Comfort and Convenience**
Anti-Theft System
Keyless Entry
Air Conditioning
Power Windows
Power Door Locks
Cruise Control

**Steering**
Power Steering
Tilt & Telescoping Wheel

**Entertainment and Instrumentation**
AM/FM Stereo
MP3 (Single Disc)
Bluetooth Wireless

**Safety and Security**
Backup Camera
Dual Air Bags
F&R Side Air Bags
F&R Head Curtain Air Bags
Knee Air Bags

**Seats**
Leather

**Lighting**
Daytime Running Lights

**Exterior**
Fog Lights
Rear Spoiler

**Wheels and Tires**
Alloy Wheels

**Exterior Color**
✔ White

## Glossary of Terms

**Kelley Blue Book® Trade-In Value** - This is the amount you can expect to receive when you trade in your car to a dealer. This value is determined based on the style, condition, mileage and options indicated.

Tip:
It's crucial to know your car's true condition when you sell it, so that you can price it appropriately. Consider having your mechanic give you an objective report.

EXHIBIT "4"

**Trade-In Range** - The Trade-In Range is Kelley Blue Book's estimate of what you can reasonably expect to receive this week based on the style, condition, mileage and options of your vehicle when you trade it in to a dealer. However, every dealer is different and values are not guaranteed.

**Kelley Blue Book® Private Party Value** - This is the starting point for negotiation of a used-car sale between a private buyer and seller. This is an "as is" value that does not include any warranties. The final price depends on the car's actual condition and local market factors.

**Private Party Range** - The Private Party Range is Kelley Blue Book's estimate of what you can reasonably expect to receive this week for a vehicle with stated mileage in the selected condition and configured with your selected options, excluding taxes, title and fees when selling to a private party.

**Excellent Condition** - 3% of all cars we value. This car looks new and is in excellent mechanical condition. It has never had paint or bodywork and has an interior and body free of wear and visible defects. The car is rust-free and does not need reconditioning. Its clean engine compartment is free of fluid leaks. It also has a clean title history, has complete and verifiable service records and will pass safety and smog inspection.

**Very Good Condition** - 23% of all cars we value. This car has minor wear or visible defects on the body and interior but is in excellent mechanical condition, requiring only minimal reconditioning. It has little to no paint and bodywork and is free of rust. Its clean engine compartment is free of fluid leaks. The tires match and have 75% or more of tread. It also has a clean title history, with most service records available, and will pass safety and smog inspection.

**Good Condition** - 54% of all cars we value. This car is free of major mechanical problems but may need some reconditioning. Its paint and bodywork may require minor touch-ups, with repairable cosmetic defects, and its engine compartment may have minor leaks. There are minor body scratches or dings and minor interior blemishes, but no rust. The tires match and have 50% or more of tread. It also has a clean title history, with some service records available, and will pass safety and smog inspection.

**Fair Condition** - 18% of all cars we value. This car has some mechanical or cosmetic defects and needs servicing, but is still in safe running condition and has a clean title history. The paint, body and/or interior may need professional servicing. The tires may need replacing and there may be some repairable rust damage.

© 1995–2017 Kelley Blue Book Co.®, Inc. All rights reserved.

© 2017 Kelley Blue Book Co., Inc. All rights reserved. 3/10/2017 3/16/2017 Edition for California 91752. The specific information required to determine the value for this particular vehicle was supplied by the person generating this report. Vehicle valuations are opinions and may vary from vehicle to vehicle. Actual valuations will vary based upon market conditions, specifications, vehicle condition or other particular circumstances pertinent to this particular vehicle or the transaction or the parties to the transaction. This report is intended for the individual use of the person generating this report only and shall not be sold or transmitted to another party. Kelley Blue Book assumes no responsibility for errors or omissions. (v.17032)